JUDGE DUVALL
delivered the otinion oe the court:
This was an action by the administrator of Taylor against Griswold and his surety, upon the following covenant:
“ $140. I have this day hired of Aaron Taylor a negro man named Jim, from this date until the 25th day of December next, for which I am to pay the said Taylor the sum of one hundred and forty dollars, payable at the 25th of December next,” &c. Dated 2d February, 1857.
The petition averred the non-payment of the debt, and prayed judgment therefor. Griswold and his surety answered, alleging that the slave Jim, mentioned in the covenant sued on, was, at the time and before he was hired, “ unsound and diseased, and of no value; that said negro rendered said defendant Griswold no *230 service, and finally died; therefore they say that the consideration of said note has entirely and wholly failed,” &c.
This answer, upon demurrer, was adjudged insufficient, and the defendants saying nothing further, judgment was rendered against them for $140, with interest and costs; and to reverse that judgment they prosecute this appeal.
The only point to be considered is, whether the facts set up in the answer constituted a valid defense to the action.
It is a well settled general principle applicable to all contracts, that where the consideration appears to be valuable and sufficient, but turns out to be wholly false or a mere nullity, or where it may have been actually good, but before any part of the contract has been performed by either party, and before any benefit has been derived from it, the consideration wholly fails, there a promise resting on this consideration is no longer obligatory. (1 Parsons on Contracts, 386.) According to this principle, if the contract between these parties had been for the sale and purchase of the slave, and it had been made to appear that before and at the time of such sale, the slave was unsound and diseased and of no value, and that he afterwards died of such disease and unsoundness — in such case there could have been no recovery by the seller of the price stipulated to be paid for the slave, because of the total failure of the consideration. (Rogers vs. McKnight, 4 J. J. Marsh., 154.) It must appear, however, in all such cases, that there was a total failure of the consideration; for if there be a consideration left, however much impaired or diminished, it will be sufficient to sustain the contract.
Now a contract for the hire of a slave for a specified term is, n legal effect, a sale of the slave for such term, and the contract necessarily implies that there is such a slave, and that it is capable of rendering some service of value to the hirer; for, as was said by this court in the case of Harrison vs. Murrell, (5 Mon., 361,) “ the hire is nothing more than a compensation for the services of the negro.” It is true that in that case, as well as in the earlier case of Redding vs. Hall, (1 Bibb, 536,) it was decided that a party to whom a slave was hired for a year is entitled to no abatement of the pripe, because of the death of the slave *231 after the commencement of the term; and the principle upon which those decisions rest is, that the uncertainty of the life of the slave is equally well known to both proprietor and hirer when the contract is entered into between them; that with such knowledge, it is competent for them to contract in the way most acceptable to themselves, and when fairly made, the court has no power to change the import of their contract; and that where the hirer stipulates unconditionally to pay the hire, he thereby takes upon himself the risk of the casualties of disease or death; and whatever may be the apparent hardship of being required to pay hire for a negro after his death, such hardship is brought upon him by his own voluntary undertaking, and he is therefore entitled to no relief. 4
The principle of these cases is in perfect harmony with the view we have taken of the case under consideration. The defense relied upon here is, not merely that the slave died after the commencement of the term, or that the appellant lost a portion of his services in consequence of his disease and unsoundness, but the allegation is, in the most comprehensive and explicit terms, that the slave was of no value, and that in consequence of his diseased and unsound condition, before and at the time of the hiring, he rendered the appellant no service whatever, and finally died, and that the consideration of the covenant has wholly failed. Suppose that after the execution of this covenant, and before the delivery of the possession of the slave to the hirer, the slave had died, would it be pretended that the owner would have been entitled to recover the stipulated price for the hire? And if not, upon what principle would the hirer have been held absolved from his obligation to pay ? Certainly upon the mere ground of a total failure of the consideration of the obligation. And it is obvious that the failure of the consideration in the case supposed would not be more total and complete than in the case presented by the allegations of the answer here.
We are therefore of the opinion that the answer set forth a valid defense to the action, and that the court erred in sustaining the demurrer to it. We are not aware that this question has been expressly decided, but we feel satisfied that neither *232 principle nor policy requires that the doctrine which has denied relief to the hirer in cases where he has relied upon a partial failure of the consideration merely, resulting from the death or sickness of the slave after the commencement of the term, should be so extended as to embrace a case in which the hirer has received no benefit from or under the contract, and the failure of the consideration total.
The judgment is therefore reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings.