COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, AMBROSE KELLEY, Claimant.

On a judgment for the return of intoxicating liquors seized under *St.* 1855, *c.* 215, § 25, the claimant is not entitled to costs.

COMPLAINT AND SEARCH WARRANT under *St.* 1855, *c.* 215, § 25, for intoxicating liquors unlawfully kept for sale.

At November term 1859 of the superior court in Franklin, the proceedings were quashed for informality, and the liquors ordered to be returned to the claimant, who then moved for costs. *Vose*, J. overruled the motion, and the claimant alleged exceptions.

*W. Griswold*, for the claimant, cited Rev. Sts. *c.* 121, §§ 1, 20, 22, 24; *Fales* v. *Stone*, 9 Met. 320; *St.* 1855, *c.* 215, §§ 25–30; *State* v. *Robinson*, 33 Maine, 564; Rev. Sts. *c.* 118, §§ 27–40; *Commonwealth* v. *Stebbins*, 4 Gray, 25; *Stevens* v. *Stevens*, 1 Met. 279; *St.* 1842, *c.* 54, § 3; *Britton* v. *Commonwealth*, 1 Cush. 302; *Wormstead's case*, 2 Dane Ab. 517; *Hill* v. *Wells*, 6 Pick. 104; *Mariner* v. *Dyer*, 2 Greenl. 172; *Hinman* v. *Taylor*, 2 Conn. 357; *Belcher* v. *Johnson*, 1 Met. 148; *Fisher* v. *McGirr*, 1 Gray, 27.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

METCALF, J. The court are of opinion that this is not a civil suit or proceeding, in which the claimant can recover costs of the Commonwealth, under the Rev. Sts. *c.* 121, § 22. We think the process on which the liquors were seized was a criminal process, and that the proceedings after the seizure were proceedings in a criminal prosecution. This seems clear upon the face of the 25th and subsequent sections of *c.* 215 of *St.* 1855. See also the form of the complaint and of the warrant to search, in *St.* 1855, *c.* 397.

The claimant seeks to bring his case within the provisions of the Rev. Sts. *c.* 118, which provide for the seizure and libelling of forfeited goods. But that chapter authorizes no one besides the person entitled to recover the goods, wholly to his own use

or otherwise, to seize them, and directs such person to file a libel in the office of the clerk of the court, stating therein the cause of seizure. By §§ 27, 28, if the seizure is found to be groundless and without probable cause, the claimant shall have judgment for damages and costs; and in all other cases the court may award costs to the party prevailing. And it has been decided that " a libel, sued as a process *in rem* for a forfeiture, is in the nature of a civil action." *Barnacoat* v. *Gunpowder*, 1 Met. 230. Those, however, who make a complaint for the seizure of liquors, under the *St.* of 1855, are not entitled to recover the liquors wholly to their own use or otherwise. They have no personal interest in the matter. It is impossible therefore to bring the process and proceedings, prescribed by that statute, within the provisions of the Rev. Sts. *c.* 118, as to costs, or to hold them to be in the nature of a civil action or proceeding.

Further; if this could, on any ground, be deemed a civil proceeding, it would be one in which no express provision for costs is made by any statute, and therefore, by the Rev. Sts. *c.* 121, § 20, the subject of costs would be " wholly in the discretion of the court." The manner in which that discretion was exercised by the superior court would not be a subject of exception.

*Exceptions overruled.*