CASE 10————————JUNE 9.

## Robinson vs. Bright's executor.

APPEAL FROM GARRARD CIRCUIT COURT.

Money which has been paid for a chattel, of *no value* when sold, and where there is thus a total failure of the consideration upon which the payment was made, can be recovered back.

At a sale of a slave by an executor, the fact that one of the legatees was present, and, knowing that the slave was unsound and worthless, concealed his knowledge with intent to cheat and defraud the purchaser—the executor not having any such knowledge or intention—cannot vitiate the contract.

A. A. Burton, for appellant, cited 1 *Metcalfe*, 228.

Fox & Bell, for appellee, cited 1 *Metcalfe*, 228.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

In *Griswold, &c. vs. Taylor's adm'r*, (1 *Met.* 230,) it was decided, that where the consideration of a contract appears to be valuable and sufficient, but turns out to be wholly false or a mere nullity; or where it may have been actually good, but before any part of the contract has been performed by either

party, and before any benefit has been derived from it, the consideration wholly fails, there a promise, resting on this consideration, is no longer obligatory. And, accordingly, in the case of a contract for the sale and purchase of a slave, where it is made to appear that before and at the time of such sale the slave was unsound and diseased, and of no value, and that he afterwards died of such disease and unsoundness, there can be no recovery, by the seller, of the price stipulated to be paid for the slave, because of the total failure of the consideration.

It is said, however, that, in all such cases, there must be a total failure of the consideration ; for, if there be a consideration left, however much impaired or diminished, it will be sufficient to sustain the contract.

In *Parsons on Contracts* (*sec.* 14, *page* 385,) it is laid down that "where the consideration appears to be valuable and sufficient, but turns out to be wholly false or a mere nullity, *    *    *    * the party paying or depositing money upon it can recover it back."

The case now before the court differs from that of *Griswold, &c.* vs. *Taylor's adm'r*, in this respect only, that *here* the money has been actually paid for the slave, now alleged to have been of no value at the time of the sale, and hence a total failure of the consideration upon which the money was paid, whereas in *Griswold* vs. *Taylor* the action was upon the promise to pay the money, the consideration for the promise having totally failed, as was alleged. In the latter case it was decided that there could be no recovery upon the promise.

Now the question is presented, can money, which has been paid for a chattel of *no value* when sold, and where there is thus a total failure of the consideration upon which the payment was made, be recovered back?

We are unable to percieve any difference in principle between the two cases. If it is unjust and unconscientious in the one to coerce the payment of the money, in the other case it is equally against justice and good conscience to retain the

money. . In either case the party is compelled to part with his money without having received any value whatever for it.

And there is ample authority for the recovery back, by an independent action, of money paid upon a consideration believed at the time of the contract and payment to be valuable, *but which was in fact, at the time, of no value whatever.*

In *Spring vs. Coffin,* (10 *Mass.* 32—35,) it was decided that a party who had paid money upon a bargain by which nothing passed to him, had his remedy for the money, "as paid for a consideration which has failed." In *Woodward vs. Cowing* (13 *Mass.*, 216,) it was said by the court, "where money has been paid upon a consideration which has failed, it may certainly be recovered back by the party who shall have paid it." (*Neel vs Deens & Smith,* 1 *Nott & McCord,* 210 ; *Wharton vs. O'Hara,* 2 *Nott & McCord,* 65.)

In *Murray & Co. vs. Carrett & Co.* (3 *Call,* 373,) the same principle was approved by the court of appeals of Virginia.

In *Moses vs. McFerlan* (2 *Burrows, p.* 1012,) it was held, (opinion by Lord Mansfield,) that an action could be maintained for money paid upon a consideration which happened to fail, and the defendant ought, *ex equo et bono,* to refund.

The same doctrine is recognized by the supreme court of Massachusetts in the case of *Harrington vs. Stratton* (22 *Pickering,* 510,) although that was an action by the payee against the maker of a promissory note. (See *Colville vs. Besley and others,* 2 *Denio,* 139 ; 5 *Humphreys,* 496, *Charlton vs. Lay,* opinion by Judge Green.)

In the case now before us it was alleged that the negro, at the date of the sale, was unsound and of *no value,* and that there was consequently a *total* failure of the consideration upon which the purchase money had been paid. The petition stated facts sufficient to constitute a cause of action, and which, if found to be true, would have warranted a recovery by the plaintiff.

The demurrer ought therefore to have been overruled.

But to enable the appellant to succeed upon the ground we have been considering, he must show a total failure of the consideration.

There is another point presented for our consideration. It is alleged in the amended petition that one of the legatees of the testator of the appellee was present when the sale was made; that he knew the unsoundness and worthlessness of the slave, and concealed his knowledge with the intention of cheating and defrauding the appellant. But there is no allegation that the executor had any such knowledge or intention as are imputed to this one legatee. Does the knowledge and fraudulent concealment on the part of a single legatee authorize a recovery against the executor in his fiducial character, whereby all the legatees of Bright, deceased, are to be affected? It seems to us that none but a negative answer can be given to this question. The estate and the other legatees were represented by the executor, not by the legatee Henry Bright, to whom the guilty knowledge and concealment are imputed by the amended petition.

If it be shown that he acted fraudulently and corruptly, but the executor acted with fairness, the fraudulent conduct of Henry Bright cannot vitiate and totally avoid a contract, which he had no agency whatever in making, and in the benefits of which other persons, quite innocent of his fraud, had a right, equally with himself, to participate. He did not stand in any such relation to either the executor or the other legatees as that they should be bound by a fraudulent concealment of his knowledge of the unsoundness of the slave. Considered as an entirety, the contract is not made void by his conduct.

Whether Henry Bright could be held liable in another action to the appellant, by reason of the matters alleged in the two petitions in this record, and if so to what extent, are questions which we cannot now decide.

For the error in sustaining the demurrer the judgment of the circuit court *is reversed*, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with the principles of this opinion.