*W. F. Slocum,* for the defendant.

———

HENRY PARKER *vs.* ALBERT COBURN.

An agreement, made for a valuable consideration, to pay a certain sum of money at the promisor's death, with a gross sum for interest thereon, is valid and binding upon his executor, and is not usurious, although at his death the legal interest would not amount to so much as the sum named for interest.

If a person has promised to pay a certain sum of money at his death, with a gross sum for interest thereon, a legacy by him to his creditor, equal in amount to the principal sum, is not to be applied in payment thereof, unless the will shows that such was the intent of the testator, and is therefore inadmissible in evidence, in an action against his executor upon the promise.

In an action to recover a certain sum as the price agreed to be paid for land, if the amount is in controversy, the defendant may prove that the plaintiff had previously conveyed away the right to cut the wood off from the same, and that therefore the value of the land conveyed was less than the sum claimed by the plaintiff as the price agreed to be paid.

CONTRACT brought against the executor of the estate of Jonathan Parker, to recover $600 as the balance due for one undivided half of a parcel of land sold by the plaintiff to said Parker.

At the trial in the superior court, before *Putnam,* J., the plaintiff

introduced evidence tending to show that in April or May 1855 John Parker, who died in 1862, and who was his father, purchased the interest in the land of him for $1500 in cash, and " $500 and $100 for interest on it" at his [John's] decease, saying at the time that " there was no probability of the interest being over $100, as he was so old ; " and that the wood upon the whole land was worth $1000, and half of the land was not worth $2000, without the wood. The deed of the plaintiff to his father mentioned $1500 as the consideration thereof. The defendant denied that the testator agreed to pay over $1500 for the conveyance.

The defendant offered in evidence two deeds, both executed in July 1841, one of which was a conveyance by the testator to the plaintiff of one undivided half of all his real estate ; and the other a reconveyance of the same to the testator for his life, with the right " to cut and dispose of the wood and timber growing on said lands, without liability for waste." This evidence was rejected. The defendant offered in evidence an attested copy of the will of his testator, one clause of which was as follows : " To my son Henry I give the sum of five hundred dollars." This evidence was rejected.

The jury returned a verdict for the plaintiff for $600 and interest from the date of the writ, under instructions authorizing them to do so, and the defendant alleged exceptions.

*D. S. Richardson*, for the defendant.

*T. H. Sweetser*, ( *W. S. Gardner* with him,) for the plaintiff.

GRAY, J. The evidence introduced by the plaintiff tended to prove, and the jury have found, that John Parker agreed to pay to his son, the plaintiff, as the price of one half of a farm, $1500 in cash, and at his death the further sum of $500, " and $100 for interest on it."

1. This agreement, made for a valuable consideration, to pay a certain sum of money at the time of the promisor's death, was not in the nature of a testamentary gift, but was a valid contract binding on his executor, the defendant. *Jenkins* v. *Stetson*, 9 Allen, 132.

2. The conveyance of the 'and having been executed, the

promise to pay the price was not within the statute of frauds. *Nutting* v. *Dickinson*, 8 Allen, 542, and cases cited.

3. There is no ground for the suggestion of the defendant that the contract was usurious. The testator did not agree to pay more than the lawful rate of interest on so much of the purchase money as was to be paid at a future time; but to pay in addition to that part of the purchase money a certain sum, which might or might not exceed the amount of interest if computed at the lawful rate, according to the length of life of the testator after making the promise. The sum of $100, though called "interest," was not paid for a loan of money, but was a part of the purchase money which the defendant at the time of the bargain agreed to pay. And there is no evidence whatever that the transaction was intended as a cover for a loan. *Beete* v. *Bidgood*, 7 B. & C. 453; *S. C.* 1 Man. & Ry. 143.

4. The legacy of $500 in the subsequent will of the father was rightly held to be inadmissible in evidence of a satisfaction of this debt of $600 or any part of it. The debt to the son was contracted for a valuable consideration and stood upon the same footing as a debt to a stranger. The legacy was in the ordinary form of a simple gift, without any reference to the defendant. A debtor cannot oblige his creditor to be satisfied with receiving less than his whole debt; and it would be a forced construction to hold that the testator intended to pay all of his debt except the part which he called "interest," leaving that in force. A legacy to a creditor of a sum less than his debt is not to be applied towards payment of the debt without clear evidence of the testator's intention that it should be. *Strong* v. *Williams*, 12 Mass. 390. *Smith* v. *Smith*, 1 Allen, 130. *Tolson* v. *Collins* 4 Ves. 490, 491. *Thynne* v. *Glengall*, 2 H. L. Cas. 153. 2 Story on Eq. §§ 1104, 1122.

5. The defendant in his answer put in issue the making of the contract alleged by the plaintiff, and averred that the testator never agreed to pay more than $1500 for the land. That sum was the consideration named in the deed to him from the plaintiff. The testimony of one of the plaintiff's witnesses tended to show that the half of the farm was not worth $2000 without

the wood, and that there was $1000 worth of wood standing on the whole farm, or $500 to each undivided half. The deeds offered in evidence by the defendant showed that the plaintiff had some years before conveyed to his father the right to cut the wood, and were material evidence upon the question what price he agreed to pay for the land. *Bradbury* v. *Dwight,* 3 Met. 31. Those deeds having been excluded by the presiding judge, the defendant is entitled to a new trial. *Exceptions sustained.*