STEPHEN W. UPTON & another *vs.* CHARLES WINCHESTER
& another.

At the trial of an action for the price of lumber alleged to have been sold by the plaintiff
to the defendant, the plaintiff's evidence tended to prove that the defendant, knowing
that a lot of lumber, belonging to the plaintiff and consisting mainly of oak, contained
a little ash, agreed to buy the lot at a certain rate per foot. The defendant denied this;
contended that he negotiated with the plaintiff for the oak in the lot, but never completed
the bargain, and never talked of buying any lumber except the oak; and offered evi-
dence to prove that the lot contained other inferior lumber, besides the ash, and how
much of it, and also what the market price of oak was. *Held*, that the evidence was
admissible, as tending to show the improbability of the defendant's having made the
contract alleged by the plaintiff.

A declaration alleging a sale of oak lumber is not supported by proof of a sale of a lot of
lumber of different kinds of wood under a contract that it should be delivered and re-
ceived as oak.

CONTRACT on an account annexed, as follows: " To 13,875
feet oak lumber, @ $23, $319.13." At the trial in the superior
court, before *Wilkinson*, J., the jury returned a verdict for the
plaintiffs, and the defendants alleged exceptions. The material
facts are stated in the opinion.

*E. A. Kelly*, for the defendants.

*T. H. Sweetser & F. A. Worcester*, for the plaintiffs.

MORTON, J. The plaintiffs' evidence tended to prove that the
defendants purchased of them a quantity of plank, lying in two
ranges in the plaintiffs' mill yard, consisting almost entirely of
oak, but containing a little ash, and that the defendants, knowing
that a part of it was not oak, agreed to pay $23 per thousand feet
for the plank in the two ranges, according to a survey which had
been made. The defendants denied this, and their evidence
tended to prove that they entered into negotiations with the
plaintiffs for the purchase of the oak plank contained in the two
ranges, but that no contract of purchase was ever completed, and
that they never bought any of the plank, and never talked of
buying any of it, except the oak.

In this state of the evidence, the defendants offered to prove
that the said two ranges of plank embraced maple and beech, be-
sides oak and ash, and the number of feet of each kind; and they
also offered evidence to show the market value of oak plank at

the, date and place of the alleged contract; but the court rejected the evidence. We are of opinion that this evidence should have been admitted.

If this contract was conceded to be as claimed by the plaintiffs, this evidence would be inadmissible; but the issue between the parties was whether the defendants had made such a contract. Upon this issue, it was competent for either party to show what was the contents of the two ranges. If they contained a large proportion of plank of small value, like maple or locust, the inference fairly to be drawn might be that the defendants had not made the contract as alleged. It would show an improbability in the plaintiffs' claim. For the same reason the evidence to show the market value of oak plank was competent. If it was $23 per thousand feet, or less, it would tend to show a probability that the contract was not as claimed by the plaintiffs. Either fact offered to be proved by the defendants might reasonably have an influence on the minds of the jurors, and aid them in deciding the issue. *Bradbury* v. *Dwight*, 3 Met. 31. *Lee* v. *Wheeler*, 11 Gray, 236.

As there must be a new trial, it is not material to consider in detail the exceptions to the instructions given at the trial. As, however, the question of variance may arise at the next trial, it is proper to say that the declaration, as it stands, is not supported by proof of a special contract that two ranges, containing different kinds of plank, should be delivered and received as oak. *Colton* v. *King*, 2 Allen, 317. *Exceptions sustained.*