Day, J.
Did the court err in permitting the plaintiff to prove that the work embraced in the contract was worth more than he claimed the contract price to be ? It does *142 not appear that the evidence was given in chief for the purpose of proving the contract price, which would have been inadmissible; but, for aught that is shown by the record, it was offered to rebut the evidence introduced by the defendant to prove that the contract price was less than that claimed by the plaintiff'. The only question made is, whether it was competent for either purpose. The disparity between the value of the work contracted for and the contract price claimed by the defendant was sufficient, we think, to render the evidence competent for the purpose of rebutting the evidence of the defendant, that the price agreed upon was less than that claimed by the plaintiff. It was a circumstance tending to weaken the probabilities in favor of the defendant’s claim, and to strengthen those in favor of the claim of the plaintiff'.
The only point of difference between the parties was the price for which it was agreed the work should be done. The evidence was admitted for no other purpose than to enable the jury to decide which of the prices claimed by the respective parties was the true price agreed upon. Of course, the weight of the evidence would be more or less affected by the other circumstances of the case, and be increased or diminished in proportion to the difference between the price claimed and the actual value of the work. But it was of some value, as tending to show the improbability of the claim of the defendant, and to enable the jury to arrive at the truth upon the point at issue between the parties, and "was, therefore, admissible for what it was worth, in connection with the other evideuce in the case.
Ve are sustained in this view of the case by authority. In Kidder v. Smith, 34 Vt. 294, it was held that, “when the testimony is conflicting as to the price agreed upon in the sale of personal property, it is competent to show the value of the property at the time of sale, as tending to show what the real contract was.” The chief justice, in delivering the opinion, said: “ The parties were in dispute, and their evidence conflicting — whether the defendant was to pay thirty-five or sixty dollars for the mare; and it became *143 necessary to resort to circumstances and probabilities to determine which was right. As showing a probability in favor of the defendant’s version of the trade, we think it was competent for the defendant to prove the value of the mare to be even less than the sum he agreed he was to pay. "Where the disparity between the value of the property and what is claimed to be the contract price is small, and within the fair range of what different persons might esteem to be a fair value, such evidence would'be very slight, perhaps too slight to be admissible; but when the difference is very great, and beyond the range of fair difference iu judgment, it might be entitled to much weight, and the wider the difference, proportionably stronger would be the evidence furnished by it.” To the same effect are the cases of Kimball v. Lock, 31 Vt. 683; Bradbury v. Dwight, 3 Met. 31; and Swain v. Cheney, 41 N. H. 232. The action in Swain v. Cheney was brought on a special contract for drawing lumber over a particular route. The controversy between the parties was as to the price agreed upon for the work. The plaintiff claimed that it was one dollar and fifty cents per thousand, and the defendant claimed it was one dollar per thousand. Each party gave evidence to establish his claim. The court held that “ evidence was admissible, as bearing upon the probabilities of the ease, to show what was the usual and common price paid at that time and place for similar services.”
These cases are in point, and are decisive of the case before us. The judgment of the Common Pleas must be affirmed.