## CHARLES W. RICHARDSON v. THOMAS McGOLDRICK.

*Contract for employment—Value of services—Party as witness—Jury have no concern with appeal papers.*

The actual value of services may be shown in an action on a contract of employment where there is a direct conflict of evidence as to the agreed rate of payment.

A party to an action on a contract of employment is as competent as any other witness, if he knows the facts, to swear to the agreed rate of payment, or to the value of services.

A jury in a circuit court has no concern with the appeal papers in a case brought up from before a justice.

Error to Alpena. Submitted April 23. Decided April 30.

ASSUMPSIT. Defendant brings error.

*Kelley & Clayberg* for plaintiff in error.

*Turnbull & McDonald* for defendant in error. Evidence of the value of work is admissible as tending to show the agreed price, *Allison v. Horning* 22 Ohio St. 138; *Rauch v. Scholl* 68 Penn. St. 234.

CAMPBELL, J. McGoldrick sued Richardson for a balance due him for wages of himself and wife, declaring on the common counts as well as on an agreement. On the trial upon appeal from a justice to the circuit court for Alpena county, McGoldrick swore that there was an express agreement to pay $35 a month, and Richardson swore there was an agreement for $25. Both swore to an express agreement. McGoldrick was allowed under objection to show by his own testimony and by other testimony what the value of his services was according to going wages at that time. This is the only question requiring consideration, for the objection that the jury in the circuit court were not allowed to examine the appeal papers from the justice is not of any weight whatever. Their business was to try the facts on the evidence before them.

Under this direct conflict of evidence the jury might perhaps have thought the parties never came to any actual understanding on the rate of wages, and never, therefore, agreed upon it. The testimony of what was the value of the services, or the current rate of wages, would be proper in such a case on a *quantum meruit*. If, as is not unlikely, they thought an agreement was made, we think the testimony had some bearing on the probabilities, and was within the rule approved in *Campau v. Moran* 31 Mich. 280. In such a conflict of evidence between the only two persons knowing the facts, corroborating circumstances may very fairly be regarded. On either ground the testimony was admissible.

We do not understand the force of the suggestion that a party himself cannot swear to such rates or values. He can swear to anything which he knows, on the same footing with any other witness.

The judgment must be affirmed with costs.

The other Justices concurred.