## COLE & a. v. PUTNAM.

Upon the question whether the defendant has promised to pay a debt barred by the statute of limitations, his letter in reply to a demand of payment, stating that the matter will receive his earliest and best attention, is evidence competent to be considered in connection with other evidence.

A bankrupt's omission to specify a debt in his schedules may be competent evidence on the question whether the debt was created by fraud.

ASSUMPSIT. Plea, a discharge in bankruptcy: replications (1) that the debt was created by the defendant's fraud, and (2) that after the petition in bankruptcy was filed the defendant promised to pay the debt. Verdict for the plaintiffs.

The plaintiffs' evidence tended to show that the goods were sold by them upon the faith of the defendant's representations that they were for a responsible company or corporation, of which he was the agent; that they would not have sold them upon the defendant's credit; and that several times since the petition in bankruptcy was filed, and before the defendant obtained his discharge, he promised the plaintiffs to pay the debt. Subject to the defendant's exception, the following letter, written by him to the plaintiffs in reply to their postal calling upon him to pay the claim, was received in evidence:

"Messrs. Cole & Nichols: Gentlemen,—If you desire me to come to you in love, please not send any more of the kind enclosed on open cards. Please remember that I am human, and besides have a family who regard me with some complacency if none others do. The matter to which the card refers will have the earliest and best attention of

　　　　　　　　　　Yours truly,

　　　　　　　　　　　　　　J. D. Putnam."

The bankruptcy papers filed by the defendant, by which it appeared that the plaintiffs were not named as creditors, were received in evidence, subject to exception.

The defendant testified that he had previously received a discharge, and, subject to his exception, the plaintiffs were permitted to ask him on cross-examination when he obtained it.

The defendant called one White as a witness, and proposed to show by him that he had dealt with the defendant by the name of the "Lyndeborough Glass Co., J. D. Putnam, agent," for several years covering the time of the transaction in question with the plaintiffs, and that he had trusted to the defendant's own credit and responsibility under that name. The evidence was rejected, and the defendant excepted.

*R. M. Wallace* and *C. H. Burns*, for the plaintiffs.

*A. F. Stevens*, for the defendant.

CARPENTER, J.   The letter was competent to be considered in connection with the other evidence, as tending to show that a new promise by the defendant was more probable than otherwise, although standing alone it might be insufficient to warrant the finding of such promise.  *Swain* v. *Cheney*, 41 N. H. 232; *Bradbury* v. *Dwight*, 3 Met. 31.   The defendant's schedules in bankruptcy, showing that the plaintiff's claim was not specified as one of his debts, were competent on the question of fraud.   The fact that he did not then recognize the debt as his own had a tendency to show that he obtained the goods upon the credit of the corporation, wherein, as the plaintiffs claimed, the fraud consisted.   The defendant having himself testified that he had obtained a prior discharge in bankruptcy, no objection is perceived to the plaintiffs' inquiring on cross-examination when he obtained it.   The testimony of White was not relevant to either issue, and was properly rejected.

*Exceptions overruled.*

STANLEY, J., did not sit: the others concurred.