## ASA H. NICKERSON. vs. WILLIAM W. GOULD.

### Somerset. Opinion April 3, 1890.

*Evidence. Collateral facts. Relevancy. Promissory note. Facts proving forgery.*

Evidence to prove collateral facts is not admissible. It must be relevant to the facts put in issue by the pleadings.

Evidence that has any legitimate tendency to prove the issue in controversy between the parties, however slight its bearing, is competent and admissible.

If, in an action upon a promissory note, the defense set up is forgery, then all the facts which are conditions of forgery are relevant and admissible, as tending to show the probability or improbability of the defendant having signed the note.

ON EXCEPTIONS.

This was an action on a promissory note, the defense being forgery. After a verdict for the plaintiff, the defendant excepted to the rulings of the presiding justice excluding certain evidence offered by him.

The case is stated in the opinion.

*D. D. Stewart*, for defendant.

*Walton and Walton*, for plaintiff.

FOSTER, J.  Action to recover upon a promissory note for $500, dated February 9, 1876, payable on demand to E. B. Nickerson or bearer.

The defense was that the note was a forgery; that the defendant never signed it, and never had any dealings with the alleged payee out of which this note grew or could grow; that he never received any money or any property of any kind from him, except possibly a harness, and that was allowed on rent due the defendant.

The plaintiff, son of E. B. Nickerson, testified that he acquired title to the note in the fall of 1887.

The exceptions show that much evidence was introduced by

both parties tending to show the transactions and the nature of them between E. B. Nickerson and the defendant, in the years 1875 and 1876. as bearing upon the probability or improbability of the defendant having given the note in suit.

It was claimed, on the part of the plaintiff, that the note in suit was given to take up a $300 note and interest, and a balance in cash at the time sufficient to make up the sum for which the note was given; and that the $300 note was made up of forty dollars loaned defendant to pay for a mowing machine, fifty dollars cash loaned at another time, and a sufficient amount at the time the note was given to make up the $300.

It appeared in evidence that in the latter part of May, 1888, in response to a letter, E. B. Nickerson went to the defendant's house, and there he and the defendant talked over the matter of the note; that at that interview, as the defendant and his wife testified, the defendant said he did not remember of ever having a dollar of him in his life; that Nickerson then asked the defendant if he did not remember of his paying him a note of $200 at the Russell house; to which the defendant replied that he never did; that Nickerson then said to the defendant, "Don't you remember my paying Henry Sawyer fifteen dollars for you?" And to this the defendant replied, "No, sir, I don't remember it, and you never did."

The defendant then called the said Henry Sawyer as a witness, and asked him if Nickerson at any time paid to him fifteen dollars for the defendant. This item did not constitute any part of the consideration of the note in controversy.

To this inquiry and the answer thereto the plaintiff's counsel objected, and the court excluded the answer.

The defendant then offered to show by the same witness that Nickerson never paid him the fifteen dollars for the defendant, and objection being interposed by the counsel for the plaintiff, the court excluded the evidence.

To this ruling, excluding the answer and the evidence offered, the defendant duly excepted.

After the evidence had been offered and excluded, the plaintiff called E. B. Nickerson, and he testified in relation to the inter-

view at the defendant's house substantially as related by the defendant and his wife; but the defendant did not thereafter recall the witness Sawyer, nor again offer his testimony.

If the only bearing of the evidence offered was to prove a collateral fact, it was not relevant and was properly excluded. The question is whether it was relevant or not. Collateral facts are not admissible. The evidence must be relevant to the issue, that is, to the facts put in controversy by the pleadings. This rule prohibits the trial of collateral issues,—of facts not put in issue by the pleadings,—and excludes evidence of such as are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute. It is oftentimes difficult to decide what is and what is not relevant. It depends somewhat upon the nature of the issue involved. The relevancy of evidence of other facts, as bearing upon the probability or nonprobability of the main fact in issue, has been one of the most troublesome questions for the courts to decide.

Relevancy, as defined by the text writers upon evidence, "is that which conduces to the proof of a pertinent hypothesis; a pertinent hypothesis being one which, if sustained, would logically influence the issue. * * * If the hypothesis set up for the defense is forgery, then all facts which are conditions of forgery are relevant. A party, for instance, sued on a bill sets up forgery; to meet this hypothesis, it is admissible for the plaintiff to prove that the defendant, at the time of the making of the bill, was trying to borrow money. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less improbable." 1 Whar. Ev. §§ 20, 21. And in accordance with this principle it was held by this court, in *Trull* v. *True*, 33 Maine, 367, that "testimony cannot be excluded as irrelevant, which would have a tendency, however remote, to establish the probability or improbability of the fact in controversy." *Tucker* v. *Peaslee*, 36 N. H. 167, 168. So in *Huntsman* v. *Nichols*, 116 Mass. 521, where it was held that, although the authenticity of the note in suit was the only issue, yet the business transactions between the parties had some bearing upon the probability of the indorsement having actually been made by the

defendant, and were therefore admissible in evidence. This same principle is established in *Eaton* v. *Telegraph Co.*, 68 Maine, 63, 67; *State* v. *McAllister*, 24 Maine, 139; *State* v. *Witham*, 72 Maine, 531, 537; *Marcy* v. *Barnes*, 16 Gray, 161. Accordingly, where the issue is whether a certain contract was made between the parties, and the evidence is conflicting as to what the contract was, it has been held competent for the defendant to show the value or character of the property which he was to receive, as compared with that in the contract claimed by the plaintiff, as tending to show the improbability of the defendant having made the contract as alleged by the plaintiff. *Upton* v. *Winchester*, 106 Mass. 330; *Norris* v. *Spofford*, 127 Mass. 85; *Bradbury* v. *Dwight*, 3 Met. 31; *Parker* v. *Coburn*, 10 Allen, 82.

Moreover, in cases where knowledge or intent of the party was a material fact, evidence of other facts happening before or after the transactions in issue, have been received in evidence, although they had no direct or apparent connection with it. Such facts, if they tend to establish knowledge or intent, when that is material, although apparently collateral and foreign to the main issue, nevertheless, have a direct bearing and are admissible. Thus in *Cook* v. *Moore*, 11 Cush. 213, 216, Bigelow, J., says: "Whenever the intent of a party forms a part of the matter in issue, upon the pleadings, evidence may be given of other acts, not in issue, provided they tend to establish the intent of the party in doing the acts in question." And see *Nichols* v. *Baker*, 75 Maine, 334; *Jordan* v. *Osgood*, 109 Mass. 457; 1 Gr. Ev. § 53; 1 Whar. Ev. §§ 30-33.

Applying these principles to the question before us, we think the evidence offered was admissible.

The pleadings denied the genuineness of the note, and all dealings with the alleged payee out of which the note could grow, or the receipt of any money from him. True, the central point of the issue was whether or not the note was a forgery. Around this revolved other facts, introduced by both parties, bearing on the probability or improbability of the defendant having signed the note in suit.

Such evidence was admissible as tending to lead the mind of

the jury to a correct conclusion upon the real issue presented. The dealings of the parties, both prior and subsequent to the date of the note, became a proper subject of inquiry in this connection. The defendant denied that he ever signed the note, or had any dealings whatever with the alleged payee out of which the note originated. He gives an interview with Nickerson and states what he claims was said at that interview by Nickerson. At the interview Nickerson virtually asserted a fact, although in an interrogatory form,—that he had paid one Henry Sawyer fifteen dollars for the defendant. He asserted it as a transaction with the defendant. This, the defendant claims, was a fraudulent assertion to obtain an admission from him of what was not true in order to affect the main issue before the jury. It was, in effect, the assertion of a fact to the defendant bearing on the issue of the genuineness of the note, and was not collateral. Either party had a right to prove the truth or falsehood of the assertion. If it was not true, the defendant had a right to show that the statement made to him was false, and in support of his own testimony in denial of its truth, he had a right to call the man as a witness; to whom Nickerson claimed he made the payment. Its tendency in establishing the probability or improbability of the main fact in controversy may have been remote, but it was nevertheless admissible. Its weight was for the jury.

*Exceptions sustained.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.