THOMAS LOCKE *vs.* NATHAN KRAUT.

Third Judicial District, Bridgeport, April Term, 1912.

PRENTICE, THAYER, RORABACK, GEORGE W. WHEELER and RALPH WHEELER, Js.

The testimony of expert witnesses regarding the reasonable worth of certain work, based on their own judgment and calculations of the scope and compass of such work, after an inspection of the plans and specifications, is admissible for the purpose of showing the probability or improbability of the alleged contract or agreed price for said work, as well as for the purpose of testing the probability or improbability of the truth of statements of witnesses as to said agreed price.

Unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue.

One fact is relevant to another when, according to the common course of events, the existence of the one, taken alone or in connection with the other fact, renders the existence of the other certain or more probable.

On an issue as to whether or not a contract was made as claimed, any evidence which tends to render the fact probable or improbable is relevant, provided, of course, the evidence is not otherwise objectionable.

Argued April 19th—decided June 13th, 1912.

ACTION to recover a balance claimed to be due the plaintiff on a contract to perform certain mason work for the defendant at an agreed price, brought to and

tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the plaintiff for $345.88, and appeal by the defendant. *No error.*

*Robert G. DeForest,* for the appellant (defendant).

*Joshua Meltzer* and *Henry E. Shannon,* for the appellee (plaintiff).

RALPH WHEELER, J.   The sole question in the case relates to the admissibility of certain evidence introduced by the plaintiff on the trial.   It was conceded on the trial that there was an agreed contract price for the work, and that such contract price should govern.   The plaintiff contended that the contract price was $1,600, if a certain brick wall shown on the plans should not be built, with an addition of $250 if it should be built. The defendant contended that $1,600 was the price agreed upon, including the brick wall, and that $250 was to be deducted from the $1,600 if the brick wall was not built.  The brick wall was eliminated.  The plaintiff entered upon and completed the performance of his contract, and the damages claimed were for the balance due on the contract price.

There were only three persons present when the price was agreed upon—the plaintiff, the defendant, and his son.   The plaintiff testified in accordance with his contention as related above.   The defendant and his son testified in accordance with the defendant's contention as stated, and his claim was also supported by the testimony of a disinterested witness, who testified that, soon after the contract had been made, he heard the parties in conversation agree that $1,600 was to include the price of the brick wall, if it was built.

The plaintiff offered the testimony of three expert

witnesses as to what the work in question was reasonably worth, so as to enable the court to determine which contention was probably true. The experts gave their estimates as to what the work was reasonably worth to do, based on their own judgment and calculation of the scope and compass of the work, after an inspection of the plans and specifications. There was no claim in the pleadings of a reasonable compensation for said work. The defendant objected to any such testimony being offered to prove the claim of the plaintiff as to what the contract and agreed price for said work actually was, upon the grounds that such testimony was wholly irrelevant to the issue, incompetent, and entirely remote. The court overruled said objection, and admitted the evidence for the purpose for which it was offered, and the defendant duly excepted.

It appears from the finding that the court was satisfied by the expert testimony that $1,600 was a reasonable price for a contractor to offer to perform the work, if the brick wall was not to be included, and that a contractor could not carry out a contract to include the brick wall at the price of $1,600, except at a loss. The court, upon all the evidence, decided that the price agreed upon was $1,600, with the brick wall eliminated, and the judgment includes the $250 in dispute.

The defendant claims that the sole question at issue was the agreed contract price, and that it made no difference what the work was reasonably worth to do. It is clear that the evidence objected to may have determined the judgment rendered. The probability or improbability of the truth of the statement of any witness in a trial of a case is always a proper consideration for judge or jury. Sometimes a statement may be so intrinsically improbable as to justify an inference of its falsity or of a mistake. Its character may be such, in connection with other relevant testimony in relation to

the existing circumstances, as to require its rejection as unworthy of credit. The presumptions or inferences which arise from the usual conduct of men under the circumstances of a given situation are always to be noted. Scarcely any case can be determined upon the direct testimony. If the contention of one of the parties to any transaction is such as would be unusual and unreasonable under the circumstances attending it, such contention ought not to obtain ready or full credit. The motives or purposes which usually move or control men in their dealings with each other furnish a pretty sure, and often the only, criterion of the truth of the statements they may make in relation to the transaction in which they have been engaged. The actual or market value of an article would influence the buyer to obtain it for not more than that amount, and a serious difference between the actual value and the price alleged to have been agreed upon would discredit the claim of the party making the allegation.

Substantially all the authorities appear to support the proposition that the market value of any article may be received to show the probable price agreed upon. 1 Wigm. on Ev. § 392, and cases cited in note. There would seem to be no good ground for holding that the reasonable price for a contractor to offer to perform a work should not be admissible as tending to show the probability or improbability of the alleged agreed price. Unless excluded by some rule or principle of law, any fact may be proven which logically tends to aid the trier in the determination of the issue. *Belden* v. *Lamb,* 17 Conn. 441; *Plumb* v. *Curtis,* 66 Conn. 154, 166, 33 Atl. 998.

One fact is relevant to another, when, according to the common course of events, the existence of the one, taken alone or in connection with the other facts, renders the existence of the other certain or more probable.

*State* v. *Blake,* 69 Conn. 64, 76, 36 Atl. 1019. The actual value of services may be shown in an action on a contract of employment where there is a direct conflict of evidence as to the agreed rate of payment. *Richardson* v. *McGoldrick,* 43 Mich. 476, 5 N. W. 672. On an issue as to whether or not a contract was made as claimed, any evidence which tends to render that fact probable or improbable is relevant, provided, of course, the evidence is not otherwise objectionable. 3 Ency. of Evidence, pp. 516–518; *Trull* v. *True,* 33 Me. 367; *Nickerson* v. *Gould,* 82 Me. 512, 20 Atl. 86; *Upton* v. *Winchester,* 106 Mass. 330.

There is no error.

In this opinion the other judges concurred.