J. Joseph Ryle, Administrator, *vs.* Patrick Reedy.

Third Judicial District, New Haven, January Term, 1923.
Wheeler, C. J., Beach, Curtis, Burpee and Keeler, Js.

The defendant, who admittedly owed $400 to the estate upon which the plaintiff was administrator, upon offering to pay it, was directed by the administrator to pay the money to his, the defendant's own son, George, a minor, and grandson of the sole beneficiary of the estate, who desired him to have it; and the defendant thereupon gave the money to his wife to hold for George. She retained the money in the house for a year or more fearing that litigation might result, and still had it at the time the case was tried. The defendant had judgment and the plaintiff appealed. After correcting the finding in certain particulars, at the request of the appellant, it was *held:*—

1. That the trial court erred in concluding that a valid payment of the defendant's debt had been made; that such a payment to a minor meant an unconditional payment to his legally appointed guardian, without reservation of any sort whereby the payor might recall the money; that the defendant effected nothing by the transfer of possession to his wife who was not the legally appointed guardian of her son and, as parent, was forbidden by statute (§ 4866) to receive or use any property of her minor son exceeding $100; and that the defendant was in no better position than if he had continued to hold the money himself.

2. That it was quite clear the defendant's wife did not hold the money upon any defined, unequivocal trust, so that it might be claimed and recovered by the minor or by his duly appointed guardian, but rather that she held it awaiting the result of expected litigation in which her husband, the defendant, was likely to be involved; and therefore such transfer of the money to his wife was not such a compliance with the direction of the administrator to pay the

Ryle *v*. Reedy.

money to George, as to constitute a valid payment to the minor
and work a discharge of the defendant's indebtedness to the estate.

Submitted on briefs January 17th—decided June 15th, 1923.

ACTION to recover the amount of a loan made by
the plaintiff's intestate to the defendant, brought to
and tried by the Court of Common Pleas in Fairfield
County, *Walsh, J.;* facts found and judgment ren-
dered for the defendant, and appeal by the plaintiff.
*Error; judgment to be rendered for plaintiff.*

*Raymond E. Hackett,* for the appellant (plaintiff).

*John A. Walsh* and *Joseph L. Melvin,* for the appel-
lee (defendant).

KEELER, J.   The plaintiff sues as administrator of
the estate of Dennis Ryle, deceased, to recover an
admitted debt of $400 of defendant to the estate.
Dennis Ryle was a brother of the plaintiff; the sole
distributee of the estate was decedent's mother,
Catherine Ryle.   The defendant's wife, Nora, is her
daughter.   The estate was solvent.   The gist of the
defense is found in the sixth and eighth paragraphs
of the answer, which are as follows:—

"6. On or about the 30th day of September, 1920,
the defendant offered to pay said indebtedness to the
plaintiff, but the plaintiff told the defendant, that
his mother, sole heir at law and next of kin of said
Dennis Ryle, deceased, had ordered and directed him,
as administrator aforesaid, to pay over this money
to her grandson, George Reedy (defendant's son),
in payment for the services which he, the said George
Reedy, had rendered to Dennis Ryle, during the last
illness of the latter, and the plaintiff, thereupon refused
to accept said money, and directed the defendant, to
give the money to defendant's son, George Reedy. . . .

"8. The defendant, acting upon, and in accordance with the instructions given to him by the plaintiff, gave said money to his son, George Reedy."

A demurrer was filed to this answer, and correctly overruled (*Booth, J.*) on the ground that the answer set up, not a gift to the defendant, but a payment to a third party at the direction of the plaintiff. In the reply plaintiff denied paragraphs six and eight. Notwithstanding the ruling on demurrer, the parties contested the fact of the gift, and utilize a considerable part of their respective briefs in the argument of questions of law arising from the facts found by the court, and its rulings on questions of evidence arising in the trial of this issue.

As the estate was solvent, Catherine Ryle, the sole distributee, could have made a request to the plaintiff as administrator to make a payment to anyone prior to the final distribution, and such a payment made and proved would have been a part payment or distribution available to the plaintiff upon his final accounting in the estate. Such a payment might be made by directing payment to a third person, as the court has found to be the fact in this case. He was not obliged to make the payment, but could do so if he chose. Although a gift was not a ground of defense in the action on the pleading, much of the evidence given in support of it may well have been admissible upon the question of whether plaintiff directed defendant to make the application of the debt due him from the latter to the estate, which the trial court has found was made.

On the issue really raised in the case, of payment to the plaintiff by defendant, by the latter making payment of the amount which he owes to the estate to his son, the trial court found as follows: "10. The defendant, in the latter part of September, 1920,

Ryle *v.* Reedy.

believing that the plaintiff would have to make a return to the tax assessors as of October 1st, of this $400 indebtedness, called the plaintiff on the 'phone and told him he was ready to pay that note before October 1st. The plaintiff replied, in substance: 'You need not pay this note to me, because Mother wants that money to go to your son George,' her grandson. George was then a boy about fifteen years of age. 'You may give it to him and I will report it to the Probate Court.' The defendant replied to the plaintiff: ' I will pay it to you and you may give it to George, if you wish,' and the plaintiff replied: 'No, it is just as well for you to do it.' The defendant, accordingly, took the money and gave it to his wife, Nora Reedy, to keep for this boy, and she now has the money as trustee for this boy."

The plaintiff moved to correct the finding, by eliminating this paragraph, which motion was denied by the court, and also by adding to the finding paragraph thirty-two of his draft-finding, as follows: "32. Norah Reedy stated that she received the money from her husband, the defendant herein, that the money was paid to her in cash on September 30th, 1920, that she has it at home and has kept it at home ever since because she did not know what was going to turn up, and thought she would keep it and that she would not do anything with it until she saw how things would turn out. She has done nothing with the money but has kept it ever since because she wanted to see how things were going to turn out."

The contention of the plaintiff is that paragraph ten of the finding is found without evidence, and that paragraph thirty-two of the plaintiff's draft-finding is established by uncontradicted evidence. We consider these claims to have been in effect those really made by plaintiff, although, contrary to the express

terms of the rule (Practice Book, 1922, p. 309, § 11),
his counsel has assigned the errors in an indirect and
argumentative way. At this point in the case we are
considering the last sentence of paragraph ten of the
finding above quoted, and the whole of paragraph
thirty-two of the draft-finding, and assuming the
eariler part of paragraph ten as being true in the terms
found by the court. The evidence as bearing upon
this last sentence of paragraph ten, and the whole
of draft paragraph thirty-two, if credited, established
that Reedy turned over $400, representing his debt
to the estate, in cash for his son George to his wife
on September 30th, 1920, to hold for George; that
she had kept it in her home and for upward of a
year, and because she was afraid that litigation might
result over it, kept it and did not invest it for George,
as she contemplated doing.

Draft paragraph thirty-two is a statement of what
Nora Reedy testified to instead of a statement of the
facts found from her testimony, but as the refusal to
correct was not based upon this technical ground,
and as the facts which should have been found from
this testimony were from defendant's witnesses and
must have been credited by the trial court in order
to reach its conclusions, we will waive the technical
irregularity and correct the finding by adding the
facts found in Nora Reedy's testimony.

Upon the evidence we fail to see why plaintiff was
not entitled to have this correction at the hands of
the trial court. When this is done, we come to consider
the corrected finding as bearing upon a legal com-
pliance by the defendant with the direction of the
plaintiff, to pay over the amount of the former's debt
to the estate to his son and thus become discharged
of any indebtedness on his part.

Reading together the fact found by the court in

the last sentence of paragraph ten and the correction which we have added to the finding, we cannot sustain the trial court's conclusion that a valid payment of the defendant's debt had been made. Conclusive and legal payment of a sum of money to a minor, of the amount involved in the case before us, means unconditional payment to his legally appointed guardian, without reservation of any sort whereby the person paying may get back the sum paid. The mother was not the legally appointed guardian of the minor. The father effected nothing by the transfer of the money to her possession. By statute (§ 4866) she was prohibited as a parent from receiving or using any property of the minor exceeding $100 until appointed guardian of the estate of the minor. Defendant was in no better position than if he had held the money himself.

But laying the statute out of consideration, and assuming that the matter stood in the same position as if he had paid to a third person, not related to the boy, who held the sum paid in the same way as is set forth in draft paragraph thirty-two, as added to the finding, we arrive at the same result. To have been an effective payment, as we have said, it is necessary that the person receiving the money should hold the same in trust, so that it might be claimed and recovered by the minor or his properly appointed guardian, without any possible defense arising out of any agreement or understanding at the time of the establishment of the trust. It is very clear that Nora Reedy did not hold this fund in any such well-defined and unequivocal manner, but rather that she held it awaiting the result of expected litigation in which her husband was likely to be involved, growing out of the whole transaction. If the latter were successful the boy would get the money, or it would be held for his benefit;

if the result were otherwise, he might not. Not only the intent and action of the father in paying over the money, as found in paragraph ten of the finding, is to be considered, in finding the establishment of a trust for the boy, but also the terms on which the mother professed to hold the money. The terms on which the trustee receives the money are quite as important as the intention stated by the donor of the trust.

We are therefore led to the conclusion that the payment made by the defendant to his wife, was not such a compliance with the direction of the plaintiff as to constitute a valid payment to the minor, to whom the administrator intended the payment to be made. Defendant has not, therefore, paid his debt to the estate.

There is error, and the case is remanded with direction to render judgment for the plaintiff according to the prayer of his complaint.

In this opinion the other judges concurred.