Carroll *v.* Arnold.

---

WILLIAM J. CARROLL *vs.* WILLIAM A. ARNOLD, ADMINISTRATOR, ET AL.

DELIA CARROLL BUCKLEY ET AL. *vs.* WILLIAM J. CARROLL, ADMINISTRATOR.

First Judicial District, Hartford, March Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

An administrator who makes payments to, or at the direction of, the distributees of the estate without any order or decree of the Court of Probate, acts at his peril; but if the rights of no one are adversely affected and the result is that which the law would

have accomplished, he is entitled to credit for such disbursements in his final account.

The administrator in the present case made certain expenditures from his brother's estate at the direction of his mother and for her care and maintenance. She was the sole distributee of the estate and was entirely dependent upon her children for her support. *Held* that, after her death, her representatives were in no position to object to the allowance of these sums in the administrator's account merely because they had been expended without formal authorization by the Court of Probate; and that the situation so presented was not analogous to cases where an administrator, without authority and in derogation of the rights of creditors or distributees, makes such payments for the support of the family of the deceased pending the settlement of the estate as are contemplated by §5024 of the General Statutes.

The power of a Court of Probate, under §5035 of the General Statutes, to remove a fiduciary for neglect in the performance of his duties rests within its sound discretion, the exercise of which will never be disturbed upon appeal unless it clearly appears to have been abused. The statute is designed primarily for the protection of the estate and of those interested in it rather than for the punishment of one who has failed in the execution of his trust.

Although the administrator in the present case filed an inventory showing only $450 of personal assets which in fact amounted to $4,450, and although he thereafter presented an account charging himself with only the smaller sum and, for more than nine years, mingled the funds of the estate with his own, he, nevertheless, informed the sole distributee of the true situation and, when faced with a petition for his removal, filed a supplemental inventory and a final account which, as adjusted and allowed by the Court of Probate, was substantially correct. *Held* that, while his conduct was irregular and reprehensible and such as would unquestionably have justified his removal, the action of the Court of Probate in refusing to make an order to that effect, which, under the circumstances, would have benefited no one interested in the estate, was not an abuse of discretion.

The declarations of a decedent are admissible in an action to which his administrator is a party.

Evidence is admitted not because it is shown to be competent but because it is not shown to be incompetent; and, unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue.

A new trial will not be granted for erroneous rulings on evidence which could not have affected the result.

Argued March 6th—decided May 4th, 1928.

APPEALS from orders and decrees of the Court of Probate for the district of Hartford rendered on the estate of Denis F. Carroll, brought to the Superior Court in Hartford County and tried to the court, *Yeomans, J.;* judgment rendered dismissing the appeals and affirming the action of the Court of Probate in both cases, and appeal by both parties. *No error.*

*Albert C. Bill* for the appellant (William J. Carroll, administrator).

*Anson T. McCook* and *Arthur E. Howard, Jr.,* for the appellants (William A. Arnold, administrator, *et al.*).

BANKS, J. These two appeals from probate on the estate of Denis F. Carroll were argued together. They might well have been consolidated and tried as one case. William J. Carroll was administrator upon the estate of his brother Denis F. Carroll. The Court of Probate for the district of Hartford entered its decree adjusting and allowing his final account as administrator and refusing to remove him as administrator, and from that decree he appealed to the Superior Court, claiming to be aggrieved by the adjustments made. Catherine Carroll, the mother of Denis F. Carroll, was the sole distributee of his estate, but she had died and Arnold, the administrator upon her estate, and Delia Buckley, an heir at law, were granted permission by the Superior Court to join in the action as defendants. The Superior Court affirmed the decree of the Court of Probate and dismissed the appeal. From that judgment William J. Carroll appealed to this court, as did also Arnold as administrator and Delia Buckley. Neal A. Carroll, an heir at law of Catherine Carroll, also appealed to the Superior Court from the decree of the Court of Probate and in that

appeal Arnold, as administrator and Delia Buckley were granted permission to join by the Superior Court. Thereafter Neal Carroll withdrew his appeal and from the judgment of the Superior Court dismissing the appeal as regards Arnold, administrator, and Delia Buckley, they have appealed to this court. Carroll's appeal to this court has been withdrawn. We have therefore in these two cases two appeals by the representatives of the distributee of the estate of Denis F. Carroll from the judgment of the Superior Court accepting the final account of the administrator, and an appeal by the same parties from the judgment sustaining the action of the Court of Probate in refusing to remove Carroll as administrator.

The facts are these: Denis Carroll died in April, 1917, and William J. Carroll, his brother, was appointed administrator upon his estate by the Court of Probate for the district of Hartford. The administrator discovered $400 on deposit in a bank in New York City to the credit of the decedent and later discovered the further sum of $4,000 on deposit there to his credit. Carroll received this $4,400 and deposited it to the credit of the estate in a bank in New Haven. He withdrew $4,000 from this account in June, 1917, and the balance in small amounts from time to time, and by October 19th, 1917, the whole fund had been withdrawn. Some of these funds he deposited in his personal checking account in a Hartford bank and $3,000 of them in a savings account of his sister, Katherine V. Carroll, in a Hartford bank. On March 5th, 1918, $1,025 was withdrawn from this latter account. No evidence was submitted of the handling of $1,000 of the $4,000 withdrawn from the estate account in June, 1917, nor of the $1,025 withdrawn from the account of Katherine V. Carroll in March, 1918. On October 11th, 1917, Carroll filed an inven-

tory showing as the only assets of the estate $400 on
deposit in the Mutual Bank, New York, and personal
property of the value of $50, and on November 27th,
1917, filed a final account charging himself with an
inventory of $450 only.  On April 3d, 1918, upon order
of the Court of Probate, Carroll filed an additional
bond of $4,600, but filed no further account until the
year 1926 and until after a petition for his removal had
been filed in the Court of Probate.  At the time the
deposit of $4,000 was discovered Carroll informed his
mother, Catherine Carroll, who was the sole heir and
distributee of the estate, and she directed him to
expend from the moneys of the estate such sums as
might be necessary from time to time for her care,
maintenance and support.  Catherine Carroll had no
money or income at that time and was dependent upon
her children for support.  Without any order of the
Court of Probate, Carroll expended the funds of the
estate, which he had mingled with his own funds and
with those of his sister, for the care and support of his
mother.  He failed to keep accounts, so that the exact
amount so expended cannot be ascertained, but the
account as corrected and allowed by the Court of
Probate is substantially correct.  The decedent had
brought an action in the Superior Court against
William J. Carroll and others for a reconveyance of
certain real estate, which Carroll as administrator
caused or allowed to be withdrawn, and did not file the
claim disclosed by such suit as an asset of the estate.
There was no value to the suit.

The appellants claim that the court erred in refusing
to strike out of the account items showing expendi-
tures for the support of the sole heir without authority
of the Court of Probate, and in refusing to remove
Carroll as administrator.  The account, from the allow-
ance of which these appeals were taken, does not

Carroll *v.* Arnold.

appear in the record. It does appear that it contained
certain items, the amount of which is not stated, with
which the administrator credited himself as expendi-
tures made for the support of the decedent's mother
who was his sole heir. It is found that these expendi-
tures were actually made by the administrator and that
they were made pursuant to directions from the
mother, the sole heir, to expend from time to time such
moneys of the estate as might be necessary for her care
and support. The appellants' contention is that none
of these items should have been allowed as credits in
the account, since the Court of Probate made no order
authorizing such disbursements by the administrator.
Their position is that of representatives of the sole dis-
tributee of an estate who are objecting that the net
estate, after the payment of all claims, is paid over in
accordance with the directions of their decedent in
advance of any formal order of distribution. If the
expenditures were made, as the court has found, in
accordance with the directions of Mrs. Carroll, the legal
situation is the same as though the payments were
made directly to her. Her representatives cannot be
heard to complain because the net estate which be-
longed to her was disbursed as she directed, though
without the formality of an order of distribution by
the court. An administrator who makes payments to
distributees, or upon their order, without any order or
decree of the court, acts at his peril. But if no one's
rights are affected, and the result is that which the law
would have accomplished, he is entitled to credit for
these payments in his final account. *Merwin's Appeal,*
75 Conn. 33, 52 Atl. 484; *Ryle* v. *Reedy,* 99 Conn. 174,
176, 121 Atl. 460; *Schwartz* v. *Schwartz,* 104 Conn.
271, 276, 132 Atl. 461; *Palmer* v. *Whitney,* 166 Mass.
306, 309, 44 N. E. 229, 24 Corpus Juris, 499. In *Ryle* v.
*Reedy, supra,* we said (p. 176): "As the estate was

solvent, Catherine Ryle, the sole distributee, could have made a request of the plaintiff as administrator to make a payment to anyone prior to the final distribution, and such a payment made and proved would have been a part payment or distribution available to the plaintiff upon his final accounting in the estate." In *Palmer* v. *Whitney, supra,* the administrator paid the share of one distributee on his order to himself (the administrator) prior to any order of distribution. It was held that the executrix of the distributee could not prevent the administrator from receiving credit for the payment in his final account.

The appellants, in brief and argument, treat these expenditures as payments made for the support of the family of the deceased under §5024 of the General Statutes. It is true that these expenditures went for the care and support of the mother, but not by way of an allowance to her as a member of the family of the deceased during the settlement of his estate. They were made upon her order as the sole distributee of the estate. Cases in which disbursements were made for the support of the widow or family of deceased without an order of the court, and in derogation of the rights of creditors or distributees, are not in point.

The court has found that the administrator has fully accounted for all of the assets of this estate and that finding is not attacked. The appellants are not aggrieved because he paid over the net proceeds of the estate to the sole distributee, whose personal representatives they are, without the formality of an order or decree of the Court of Probate.

Nor are they aggrieved, under the circumstances, by the refusal of the court to remove Carroll as administrator. The statute, General Statutes, §5035, authorizes a Court of Probate to remove any person acting in a fiduciary capacity who has become inca-

pable of executing his trust, or neglects to perform the duties thereof, or has wasted the estate in his charge. Whether or not an administrator should be removed is a question addressed to the sound discretion of the Court of Probate, and its conclusion will not be disturbed upon appeal unless it clearly appears that there has been an abuse of that discretion. *Murdoch* v. *Elliot,* 77 Conn. 247, 58 Atl. 718; 3 Schouler on Wills, Executors & Administrators (6th Ed.) §1857. This estate consisted of $4,400 in cash and personal property of the value of $50. Carroll mingled the cash with his own personal funds and those of his sister and filed an inventory showing only $450 as the total assets of the estate and an account in which he charged himself with that amount only. Nine years later, after a petition had been filed in the Court of Probate for his removal as administrator, he filed a supplemental inventory and a final account in which he accounted for the entire estate which had come into his hands. There was a clear neglect to perform the duties of his trust and the Court of Probate would have been fully justified under the statute in removing him forthwith. It does not follow that its failure to do so necessarily constituted an abuse of discretion. The Court of Probate in such a case is called upon to exercise a wise discretion for the protection of the estate and those interested in it. Its power of removal is to be used to that end rather than for the punishment of a fiduciary who has failed in the performance of his duties. 3 Schouler on Wills, Executors & Administrators (6th Ed.) §1858. The record does not disclose any purpose or attempt on the part of this administrator to conceal the assets of this estate or to misappropriate them. He informed his mother, who was the sole heir, of the discovery of these two funds in the New York bank. He thereafter apparently proceeded upon the mis-

Carroll *v.* Arnold.

taken theory that he could settle the estate in the Court of Probate by accounting only for the $400 fund and dispose of the $4,000 fund in accordance with the directions of his mother to whom the net estate would all go as sole distributee. This, as the trial court has said, was very irregular and very reprehensible. A petition for his removal was filed, and Carroll then filed a supplemental inventory and a final account in which he accounts for all of the assets which came into the estate. Though he had never kept an accurate account of his expenditures, it is found that his final account as corrected and allowed by the Court of Probate is substantially correct. If Carroll had not accounted for all of the assets of the estate it would unquestionably have been the duty of the Court of Probate to remove him. As he did so, even though it was under the spur of a petition for his removal, an order removing him would have served no useful purpose other than to punish him for his previous neglect of duty. It is found that there was no value in the suit brought by the deceased and the administrator was justified in consenting to its withdrawal. In the situation presented to it, we cannot say that the Court of Probate, after it had secured an accounting for all the funds of the estate and satisfied itself that the entire net estate had been used for the sole heir in accordance with her request, abused its discretion in then failing to remove the administrator when such removal would have benefited no one who had any interest in the estate. It follows that the Superior Court did not err in refusing to reverse the decree of the Court of Probate.

We do not find any reversible error in the rulings on evidence. The motion to strike out all the evidence upon the items of expenditure for the care of the mother on the ground that they were made without a

Carroll *v.* Arnold.

formal order of the Court of Probate is disposed of by what we have said regarding the allowance of the account. The declarations of Catherine Carroll were admissible in this action in which her administrator was a party. The appellants complain of the exclusion of questions in the cross-examination of Carroll regarding letters sent him by the Court of Probate and of copies of the letters themselves which tended to show his neglect of his duties. The rulings were harmless, since the court has found the neglect which the evidence was offered to prove. Upon objection the court restricted the cross-examination of the administrator as to several matters which were fairly relevant to the issues, in violation of our rule that, unless excluded by some rule or principle of law, any fact may be proved which logically tends to aid the trier in the determination of the issue. *Locke* v. *Kraut*, 85 Conn. 486, 489, 83 Atl. 626. Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent. None of these matters were, however, of sufficient importance to warrant a reversal because of their exclusion. A new trial will not be granted because of erroneous rulings on evidence when it is apparent that they could not have affected the result. The record does not sustain the appellants' contention that they were not permitted the fullest opportunity to examine into the disposition made by the administrator of the assets of this estate.

There is no error.

In this opinion the other judges concurred.