JOEL G. MORGAN *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS,
for the use of Thomas . Lewis.

1. EXECUTION—*who may control it.* An execution is the process of the plaintiff therein; and he has the right to control it without any interference on the part of attorney or officer.

2. OFFICER—*liability for disregarding instructions of plaintiff in execution.* Where an officer sells property contrary to the instructions of the plaintiff to suspend the sale, he thereby incurs a liability to the defendant in the execution, for the damage sustained by reason thereof.

3. So, it is no answer to the declaration, in an action of debt on a sheriff's bond, where the breach assigned is, that the officer sold property of the defendant in the execution, after being ordered by the plaintiff to suspend the sale, that the property was so sold by virtue of such execution, in the hands of the officer, against the goods and chattels of said defendant.

4. Nor is it a defense that the sale was so made by direction of the plaintiff's attorney, it not appearing but that the attorney may have violated the orders of the plaintiff.

5. SAME—*receiving instructions by telegraph.* It is competent for the plaintiff in an execution, to direct the sheriff by telegraph, to suspend a sale thereunder.

6. EVIDENCE—*telegraphic dispatch.* In such case, the telegram delivered to the sheriff at the end of the line is the original message—is evidence of its contents, and obligatory upon the officer.

7. The question as to what is the original message, depends upon whose agent the telegraph is. Where the party sending a message is the responsible party, and sends a message for the purpose of giving directions to be acted upon, then the message delivered at the end of the line is the original.

APPEAL from the Circuit Court of Alexander county ; the Hon. DAVID J. BAKER, Judge, presiding.

Messrs. ALLEN, WEBB & BUTLER, for the appellants.

Mr. D. T. LINEGAR, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court :

The declaration, in this case, was in debt, on a sheriff's bond.

The pleas were, *non est factum* not sworn to ; second, that the sheriff was not ordered to suspend the sale ; third, that the sheriff had an execution against the goods and chattels of Lewis, by virtue of which he sold the property, according to law, as he lawfully might ; fourth, that the sheriff sold the property by the order and direction of the attorney of the plaintiff.

A demurrer was sustained to the third and fourth pleas.

Was it error to sustain the demurrer ? The answer must depend upon the character of the breaches assigned.

The declaration avers, that the sheriff had an execution in favor of Boyer, and against Lewis, by virtue of which he levied upon certain shares of stock, and advertised a sale on the 29th day of October, 1867; that the defendant in the execution paid off and satisfied the same on the 28th of October, except the costs, and that, prior to the sale, the plaintiff in the execution ordered a suspension thereof, and that the sheriff refused to suspend, and sold stock of the value of $5,000.

The third and fourth pleas do not answer the declaration.

Pleas in bar must show that the plaintiff has no cause of action. They should answer the gist of the action. They must deny, or confess and avoid the facts stated in the declaration. 2 Saund. Plead. 646, *et seq.*

The gist of this action—the true issue—was, whether the plaintiff had ordered the sheriff to suspend the sale. These pleas constitute no justification of the breach, nor do they confess and avoid it.

An officer might proceed strictly in accordance with the law governing the conduct of an execution in his hands, and yet be guilty of the breach assigned. He may have an execution in due form; levy it upon property liable to seizure; make proper advertisement of a sale, and fully comply with the formal requirements of the law; yet, if he should sell in utter disregard of the instructions of the plaintiff, he incurs a liability to the defendant in the execution.

The third plea does not, then, traverse the material portion of the breach.

The fourth is no better than the third plea.

The breach is, that the plaintiff suspended the sale; the plea is, that the attorney directed it; but *non constat* that he may not have violated the orders of the plaintiff.

The execution is the process of the plaintiff, and he has the right to control it without any interference on the part of attorney or officer. *Reddick* v. *Administrators of Cloud*, 2 Gilm. 670.

The demurrer was rightly sustained.

It is insisted, that the refusal of the court to permit Wheeler, an attorney, who had some supervision over the execution, to detail the instructions given to the officer, by him, on the morning of the sale, was error.

Prior to the sale, the officer had received a letter from the attorney of record, and a telegram from the plaintiff, to return the execution satisfied. The proof is conclusive, that a stay of the sale was ordered by the plaintiff; and this was known by the officer as well as Wheeler, before the sale. The officer should not have been governed by any instructions emanating from Wheeler, under the circumstances; and Wheeler should not have given any directions in opposition to the letter and telegram.

The alleged error, if it was one, was error without predjudice, and should not reverse.

Error is assigned upon the refusal of the court to give the 6th, 7th, 8th and 9th instructions, asked by appellant.

The 6th is, substantially, that though the sheriff received the telegraphic dispatch, yet it was not evidence upon which he was bound to act and postpone the sale.

The 9th is, that the dispatch received at the office to which it was sent, is not legal evidence of its contents.

The argument of counsel is so very concise, that we do not know that we apprehend his objection.

The 6th instruction seems to assume, that directions to officers to control them in the performance of their duties, can not be given by telegraph, so as to be obligatory upon them.

In this age of telegraphs—when by means of them important contracts are concluded every day—thousands of dollars transferred from one to another—and, indeed, a large portion of the commerce of the country carried on—it is too late to urge the objection that officers can not be directed by telegraphic communication. The objection would apply, with equal force, to a communication by mail.

In this case, the original was identified and read to the jury, and it was competent evidence of its contents.

The case of *Matteson* v. *Noyes*, 25 Ill. 591, merely decides that a copy of a telegram is not evidence, but that the origi-nal must be produced.

The question arises, what is to be regarded as the original, in the case at bar? This depends upon whose agent the tele-graph is. Where the party sending a message is the respon-sible party, and sends a message for the purpose of giving directions to be acted upon, then the message delivered at the end of the line, is the original. Redfield on Car. &c., 400; *Durkee* v. *Vermont Central Railway*, 29 Vt. 127.

The telegram in this case, delivered to the sheriff at the end of the line, was the original message; was evidence of its con-tents; and the officer was bound to act upon it. He had full notice of the wish of the plaintiff to suspend the sale.

The 7th instruction is to the effect, that the market value of the stock levied on and sold, is to be determined by the preponderance of the evidence. This is substantially embraced in the 4th instruction, which was given for appellant.

The 8th instruction refused, is identical with the 5th, given for appellant.

A court should not confuse the jury, nor encumber the record, by a repetition of instructions.

The several errors are not well assigned, and the judgment must be affirmed.

*Judgment affirmed.*