JOSEPH C. TERRY vs. JAMES M. BRIGHTMAN & another.

Bristol.    Oct. 26, 1881. — March 30, 1882.    MORTON, C. J., W. ALLEN &
C. ALLEN, JJ., absent.

An action at law cannot be maintained against the charterer of a vessel upon a
charter-party entered into between " the owners " of the vessel, " T. agent," as
the party of the first part, and one of the owners as the party of the second part,
by the terms of which the charter money is to be paid to the agent of the own-
ers, who is himself one of the owners.

CONTRACT against James M. Brightman and William H.
Clay, to recover $2400 for the charter of the steamer Border
City. After the former decision, reported 129 Mass. 535, the
case was tried in the Superior Court without a jury, before
Allen, J., who reported the case for the determination of this
court in substance as follows:

The plaintiff was the agent of the owners of said steamer;
and, on September 6, 1877, as such agent, entered into an in-
denture with the defendants for the chartering of said steamer,
a copy of which is printed in the margin.*

At the time of the making of this indenture, and at the time
this action was brought, there were nineteen part-owners of said
steamer.    The plaintiff was the owner of two thirty-second
parts and the defendant Brightman was the owner of thirteen

---

* " This covenant, made and concluded in Fall River on the sixth day
of September, A. D. 1877, between the owners of the steamer Border City,
Joseph C. Terry, agent, of the burthen of one hundred tons or, thereabouts,
now lying at Fall River, parties of the first part, and W. H. Clay of Port
Orange, Florida, and J. M. Brightman of said Fall River, parties of the
second part, witnesseth, that the said parties of the first part, in considera-
tion of the covenants and agreements hereinafter mentioned to be performed
by the parties of the second part, do covenant and agree on the chartering
and letting of said vessel unto the parties of the second part for the term
of one year from the time she is fitted and ready for use; and the said par-
ties of the first part agree to keep said vessel, in and during said term, tight,
stanch, well fitted and tackled, and further agree that she shall be ready
for use by the fifteenth day of October next.    And the parties of the second
part, in consideration of the above covenants and agreements, hereby cove-
nant and agree with the parties of the first part to ·charter and hire said
vessel for said term of one year as aforesaid, and to pay therefor the sum of
thirty-six hundred dollars in equal monthly payments, three hundred dollars
on the last day of each and every month, said sum to be paid to J. C. Terry,

sixty-fourth parts. The other defendant, Clay, was not an owner. Clay was defaulted, and Brightman alone defended the action, and contended that, upon the foregoing facts, the plaintiff could not recover in this action in his own name.

The judge found for the plaintiff in the sum of $2250.51. If the action could be maintained, judgment was to be entered for the plaintiff; otherwise, for the defendant.

*A. N. Lincoln*, for the defendant.

*J. M. Morton*, for the plaintiff.

FIELD, J. If neither Terry nor Brightman were a part-owner of the steamer, Terry could not maintain an action at law on the agreement, because the covenants are not with him, or, if the seals are disregarded, the promise is not to him; the agreement is between the owners of the steamer of the first part, and Clay and Brightman of the second part, and does not purport to be between Terry as one contracting party, and Clay and Brightman as the other. *Chesterfield Colliery Co.* v. *Hawkins*, 3 H. & C. 677, 692. *Rogers* v. *Union Stone Co.* 130 Mass. 581. *Exchange Bank* v. *Rice*, 107 Mass. 37. *Fairlie* v. *Fenton*, L. R. 5 Ex. 169. *Montague* v. *Smith*, 13 Mass. 396, 404. *Abbey* v. *Chace*, 6 Cush. 54. *Goodenough* v. *Thayer*, ante, 152.

As Terry was one of the owners and Brightman was another, Terry cannot maintain this action as one of the owners. He

agent, at Fall River. And the parties of the second part further agree to make all necessary repairs not otherwise provided for, and to repair all damages caused by the fault, negligence or want of care of the said parties of the second part or their servants, and to provide and furnish said vessel with everything necessary for the voyages during said term, including coal, oil, waste and provisions for the men, and to furnish captain and crew. And said parties of the second part further agree to use said vessel in carrying freight and passengers on the coast of Florida, and for no other purpose or voyage, except with the written consent of the parties of the first part or their agent. And said parties of the second part agree to pay for said vessel, at the rate aforesaid, from the time she is ready for use, whether said time shall be the fifteenth day of October next or some time previous and before said day.

"In witness whereof, we, the above-mentioned parties, hereunto set our hands and seals, this fifteenth day of October, 1877.

"W. H. Clay. [Seal.]
J. M. Brightman. [Seal.]
J. C. Terry, *Agt.* [Seal.]"

cannot sue as part-owner without joining the other part-owners with him as co-plaintiffs; and, if all the owners were joined as plaintiffs, Brightman would be both a plaintiff and a defendant. The agreement, having been made by all the owners jointly with one of their own number, cannot be enforced at law. *Eastman* v. *Wright*, 6 Pick. 316. *Thayer* v. *Buffum*, 11 Met. 398. *Hatsall* v. *Griffith*, 2 Cr. & M. 679. *Chanter* v. *Leese*, 4 M. & W. 295.

The agreement cannot be construed as having been made by all the owners but Brightman as party of the first part, for the purpose of chartering and letting their portions of the steamer to Clay and Brightman; it purports to charter and let the whole steamer, and the money to be paid therefor is distributable among all the owners.

*Judgment for the defendant Brightman.*