EUGENE M. WILSON and another *vs.* MINNEAPOLIS & NORTHWESTERN
RAILROAD COMPANY.

January 31, 1884.

| 31 | 481 |
|----|-----|
| 50 | 425 |
| 31 | 481 |
| 84 | 343 |

**Evidence—Employment of Attorney.**—Evidence considered sufficient to
sustain a finding that defendant had employed the plaintiffs as attorneys
in a certain action, and as to the value of the services rendered.

**Same—Message sent by Telephone.**—The receiving of parol evidence, on
the part of the plaintiffs, of a communication to them from the defend-
ant, shown to have been probably transmitted by telephone, *held* not to
have been error, although it appeared that it may have been sent by
telegraph; it further appearing that, if sent by telegraph, the telegram.
delivered to the plaintiffs had been lost or destroyed.

**Same—Telegram received is Primary Evidence—Company is Agent
of Sender.**—Where one, for his own purposes, commences a corre-
spondence with another by telegraph, he makes the telegraph company
his agent for the transmission and delivery of his communication, and the ·
transcribed message actually delivered is primary evidence.

**Estoppel—Bill rendered, but not assented to.**—The mere rendering of ·
an account for services does not estop the party from subsequently claim-
ing, as the value of the services, a larger sum than that charged in the ·
account rendered. *Allis* v. *Day*, 14 Minn. 388, (516.)

Appeal by defendant from an order of the municipal court of Min-
neapolis, refusing a new trial.

*Benton & Roberts,* for appellant.

*Wilson & Lawrence, pro se.*

DICKINSON, J. The plaintiffs are copartners in the practice of
their profession as attorneys. This action is for the recovery of com-
pensation for services performed by them as attorneys in defending
a certain action which was prosecuted and tried in the district court
against this defendant. Upon trial of the case now under considera-
tion, without a jury, a recovery of $475 was awarded.

1. One of the questions of fact in the case was as to whether the
defendant employed the firm of Wilson & Lawrence, or only Wilson,
personally. The court finds that the copartnership was employed.

v.31—31

The evidence sustains this conclusion. The authority of Mr. Galusha, as representing the defendant in this matter, is shown, and not questioned. The plaintiff Wilson testified to having received a message by telegraph or by telephone, purporting to be from Galusha, asking whether "we" (plaintiffs) could attend to the defence of the action referred to. Galusha, although a witness in the case, does not deny sending such a message, nor is it contended that the proof of his authorship of the communication is insufficient. The papers in the cause were delivered to the firm by an agent from Galusha, who (the agent) appears to have been authorized to employ Wilson. Both Wilson and Lawrence performed services in the defence of the action, and both were in attendance at different times during the trial. After the trial, Galusha advised Lawrence to make out a bill for the services, and he would see that it was approved and paid. No objection was then made that Wilson had not performed the entire service, nor that he alone had been employed. This evidence sustains the conclusion of the court, both because it goes to show an original employment of the firm, and a subsequent ratification of services assumed to have been done in behalf of the defendant, and at its request.

2. It is said, however, to have been error for the court to receive parol proof of the message from Galusha to the plaintiffs, for the reason that the loss of the message delivered to the telegraph company for transmission was not shown. Wilson testified that it was his impression that the message was sent by telephone, but he could not tell whether it was so, or by telegraph. He showed that if the communication was by telegraph, the written message delivered had not been preserved. The alleged error rests upon the assumption that the communication was by telegraph. The fact does not appear to have been so, and we cannot say that the court erred in receiving parol evidence. That the court was justified in receiving it is more apparent, when we consider that Galusha, who afterwards testified in the case, did not deny, what Wilson thought was the fact, that the message was by telephone. It is not claimed that, if it was transmitted in that manner, it might not be proved by parol evidence. We would not, however, be understood as deciding that if the communication

had been by telegraph, parol evidence would not have been admissible, the loss or destruction of the transcribed telegram as delivered to the plaintiffs being shown. If Galusha, at his own instance and for his own purposes, or in behalf of his principal, selected the telegraph as a medium through which to communicate a request to the plaintiffs, the telegraph company would be *his* agent, and the message which that agent actually delivered would be the primary and best evidence, and, its loss being shown, secondary evidence would be admissible. *Durkee* v. *Vermont Cent. R. Co.*, 29 Vt. 127; *Morgan* v. *People*, 59 Ill. 58; *Saveland* v. *Green*, 40 Wis. 431. It is as though the communication had been made orally by a personal agent, in which case it would have been enough to prove the agency, and the message delivered by the agent.

3. Prior to the commencement of this action, the plaintiffs presented an account to the defendant for the service in question, in which a much less sum was charged than that claimed and recovered in this action. The mere rendering of the account, not assented to by the defendant so as to have become an account stated, had not the effect to estop the plaintiffs from proving the services to have been worth more than was thus charged. They were entitled to recover *quantum meruit*. *Allis* v. *Day*, 14 Minn. 388, (516.)

4. We cannot say that the amount found by the court as the value of the plaintiffs' services is excessive. The amount involved in the action was large, ($20,000.) Members of the bar, by their testimony, show the value of such services to have been from $500 to $1,000. Of eight witnesses giving their opinions as to the value, one only puts it at a sum less than $500.

Order affirmed.