THE ANHEUSER-BUSCH BREWING ASSOCIATION

*v.*

RUDOLPH HUTMACHER.

*Filed at Springfield April 5, 1889.*

1. CONTINUANCE — *absence of witnesses — diligence required.* On a second application for a continuance by a defendant corporation, on the ground of the absence of material witnesses, officers of the corporation, the affidavit showed that at a prior day of the same term the defendant had all of the witnesses in court ready to testify, they being non-residents of the State. When so present, no attempt was made to subpœna them or efforts made to take their depositions. The case had been continued once before by the defendant, on account of the absence of the same witnesses: *Held,* that the application was properly denied, for the want of diligence to subpœna the witnesses or take their depositions.

2. EVIDENCE— *telegrams—what regarded as originals.* Where the person to whom a telegram is sent takes the risk of its transmission, or is the employer of the telegraph company, the message delivered to the operator is the original, and must be produced as the best evidence; but when the person sending the message takes the initiative, so that the telegraph company is to be regarded as his agent, the original is the message actually delivered at the end of the line, and it is primary evidence of the contents of the message sent.

3. SAME—*cross-examination—whether matter is pertinent thereto.* In an action by the plaintiff to recover of the defendant for work, labor and services of the former in superintending the erection of an ice house, and cutting, storing and purchasing ice for the defendant, the plaintiff, while on the stand in his own behalf, was asked by the defendant as to the defendant's solvency and his own insolvency during the period which intervened between the accruing of the indebtedness and the commencement of the suit. On the plaintiff's direct examination no question was put to him involving those subjects: *Held,* that the defendant was not entitled to put the questions relating to its solvency or the insolvency of the plaintiff, as they were not proper subjects of cross-examination.

4. In an action to recover, among other things, for the contract price of purchasing, cutting and storing ice, the plaintiff testified only as to the contract price, and not as to the gross cost. On cross-examination the defendant asked him the gross cost of putting up the ice, to which the court sustained an objection: *Held,* that the court properly refused the question, for two reasons: First, because not a proper cross-exam-

ination; and second, because if there was an express contract as to the compensation, the gross cost was immaterial.

5. EXCEPTION—*whether necessary—as to excluded evidence.* If a party wishes to assign for error the sustaining of objections to questions put to the other party calling for the contents of a letter which is lost, he should preserve in the record an exception to the ruling of the court, otherwise the propriety of the ruling is not open to review.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Adams county; the Hon. WILLIAM MARSH, Judge, presiding.

Mr. GEORGE W. FOGG, for the appellant:

The court erred in refusing to continue the cause on account of the absence of Gustav Housmann, Henry Jacob and George King. Rev. Stat. 1874, p. 780; *Shirwin* v. *People,* 69 Ill. 55; *Switzer* v. *Lottenville,* 4 Bradw. 219; *Sprague* v. *Heaps,* 7 id. 447.

If a telegraph dispatch is sought to be introduced in evidence, the original must be produced and its execution proved precisely as any other instrument, or its loss or destruction shown, and then a copy must be proved to be a true and compared copy. *Matteson* v. *Noyes,* 25 Ill. 591; *Oregon Steamship Co.* v. *Otis,* 14 Abb. (N. C.) 388; *Williams* v. *Brickell,* 37 Miss. 682; *Telegraph Co.* v. *Dryburg,* 35 Pa. St. 298; *Durkee* v. *Railroad Co.* 29 Vt. 140; Wharton on Evidence, sec. 1128.

The court erred in refusing evidence offered to show the gross cost of putting up the ice, and the solvency of appellant since the services, coupled with the long delay in presenting the claim, and appellee's insolvency. 1 Greenleaf on Evidence, secs. 108, 38, 40, 196, 198; Reynolds on Evidence, sec. 7; 1 Starkie on Evidence, 87; Stephen's Digest of Evidence, arts. 7, 9, 13; Lawson on Presumptive Evidence, 338.

Messrs. CARTER & GOVERT, for the appellee:

A greater degree of diligence and a stronger showing will be required on the second application for a continuance than

on the first. (*Shook* v. *Thomas,* 21 Ill. 87; *Birks* v. *Houston,* 63 id. 77.) So, too, where the absent witness is a party, or,— as in case of a corporation,—is a party interested in the suit, or in its employ. *Quincy Whig Co.* v. *Tillson,* 67 Ill. 351.

A continuance will be refused where witnesses have not been subpœnaed, or subpœnaed in apt time, or where the affidavit does not show an effort to get depositions. *Coffey* v. *Fosselman,* 72 Ill. 69; *Iron Works* v. *Glennon,* 71 id. 11; *Cook* v. *Norwood,* 106 id. 558.

The statement in the affidavit for continuance, that "this defendant fully expected and intended to try this cause at this term of this court, and to have all its said witnesses present to testify on the hearing thereof," substantially states all the diligence shown by appellant in that behalf. But failure of witnesses to attend according to promise, who had not been subpœnaed, is no ground for continuance. *Day* v. *Gelsten,* 22 Ill. 102; *Moore* v. *Goelitz,* 27 id. 18.

Again, the affidavit nowhere states that the facts expected to be proven by the absent witnesses were true. It was defective in this respect. *Wilhelm* v. *People,* 72 Ill. 468.

The telegraph company is the agent of the sender, and the telegram as received at the end of the line is the original, and is primary evidence. *Durkee* v. *Vermont,* 29 Vt. 140; *Morgan* v. *People,* 59 Ill. 58; *Telegraph Co.* v. *Harris,* 19 Bradw. 347; *Savelend* v. *Green,* 40 Wis. 431; Redfield on Carriers, 400.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This was a suit in assumpsit, brought by Rudolph Hutmacher against the Anheuser-Busch Brewing Association a corporation organized and doing business at St. Louis, Missouri, to recover for work, labor and services of the plaintiff in superintending the erection of an ice house and cutting, storing and purchasing ice for the defendant. The trial in the Circuit Court resulted in a judgment in favor of the plaintiff for $1640 and costs, which judgment was affirmed by the

Appellate Court on appeal, and by a further appeal the record has been brought to this court.

To the declaration, which consisted of only the common counts, the defendant pleaded *non assumpsit* and the payment by the defendant to the plaintiff of certain sums of money which were received by the plaintiff in full satisfaction and discharge of the indebtedness sued for. Upon the issues thus formed the evidence was to a considerable degree conflicting. But as all questions of fact have been conclusively settled by the Appellate Court, we must accept the verdict and judgment as the only proper result of the evidence, it being open to this court to review the record only so far as it may be shown to contain errors of law.

Error is assigned upon the refusal of the court to grant the defendant's motion for a continuance. Said motion was supported by an affidavit showing the absence of five witnesses, all residents of St. Louis, and all being officers or employes of the defendant, viz., Adolph Busch its president, Erwin Spraul the general superintendent of its out-door business, Gustav Housmann its assistant secretary, George Krug its general and commercial agent, and Henry Jacobs its master carpenter and builder. The materiality of the testimony of each of these witnesses seems to be sufficiently shown, and the only question is whether there is sufficient proof of diligence in endeavoring to procure their attendance. The affidavit shows that at a prior day of the same term the defendant had all of said witnesses in court ready to testify, but that at the time of making the affidavit for a continuance they were all absent from the State, Krug and Jacobs being temporarily in Nebraska, Housmann being in attendance upon the Circuit Court at Kansas City, Missouri, as a witness, and Busch and Spraul being both confined to their houses in St. Louis by sickness. The court held the affidavit sufficient so far as it related to witnesses Busch and Spraul but insufficient as to the others, and the plaintiff electing to admit the affidavit in evidence so

far as it related to the testimony of Busch and Spraul, the motion for a continuance was overruled.

The rule is too familiar to require the citation of authorities, that to entitle a party to a continuance on account of the absence of material witnesses, it must be shown that due diligence has been used to obtain their testimony. That the affidavit in this case fails to show such diligence is too plain for argument. All of the absent witnesses were in court one day during the earlier part of the same term and were therefore within reach of process, but neither was served with subpœna, nor is it pretended that any attempt was made to subpœna them. All were officers or employes of the defendant and subject to its orders, and it will be presumed that their attendance before a commissioner might have been procured at any time, yet no efforts are shown to have been made to obtain their depositions, although the suit had been pending more than eight months, and had been once continued at the instance of the defendant on account of the absence of witnesses. Upon such a showing as to diligence the motion for a continuance was properly overruled.

Complaint is made of various rulings of the court in relation to the admission of evidence. While the plaintiff was on the stand as a witness in his own behalf, the defendant's counsel, on cross-examination, put to him questions as to the defendant's solvency and his own insolvency during the period which intervened between the accruing of the indebtedness sued for and the commencement of the suit. These questions were objected to on the ground that they were not proper cross-examination, and the objection was sustained. No questions had been put to the witness on his direct examination as to the solvency of the defendant or his own insolvency or in any way involving those subjects, and therefore, according to the well settled practice in this State, it was not open to the defendant to put to the plaintiff questions in relation to them on cross-examination. *Stafford* v. *Fargo*, 35 Ill. 481; *Bonnet*

v. *Glattfeldt,* 120 id. 166; *Lloyd* v. *Thompson,* 5 Bradw. 90; *Waller* v. *Carter,* 8 id. 511.   See also *P. and T. Railroad Co.* v. *Stimpson,* 14 Pet. 448; *Floyd* v. *Bovard,* 6 Watts & Serg. 75; 1 Greenleaf·on Evidence, sec. 445.   If the defendant deemed the inquiry material, it should have introduced evidence in relation thereto either by recalling the plaintiff or by the production of other testimony, after the plaintiff had closed his case.

Complaint is also made of the ruling of the court sustaining an objection to questions put to the plaintiff on cross-examination calling for the contents of a certain letter written by Spraul to the plaintiff and which appears to have been lost. These questions were excluded on the ground that they were not proper cross-examination, but it is sufficient to say that no exception to the ruling was preserved, and its propriety is therefore not open to review.

The court also sustained objections to questions put to the plaintiff on cross-examination as to the gross cost of putting up the ice for which he claims a commission by contract of ten cents per ton.   The witness was not examined on that subject on his direct examination, and for that reason the questions objected to were improper.   Moreover, the plaintiff was seeking to recover upon an express contract with the defendant as to the amount of his compensation, and under such contract the amount of the gross cost of cutting and putting up the ice would seem to be immaterial.

A number of telegrams in relation to the labor and services sued for, and purporting to have been sent by the defendant to the plaintiff, were produced by the plaintiff, and on proof that they were received by him from the telegraph company in the usual course of business, they were admitted in evidence, against the objection and exception of the defendant.   Several letters of dates cotemporaneous with the telegrams written by the defendant to the plaintiff were also read in evidence in which the defendant admitted having communicated with the

plaintiff by telegraph, and in some of which letters copies of the telegrams sent were given, the same being exact copies of telegrams of the same date read in evidence. The position now taken is, that the papers delivered by the telegraph company to the plaintiff are only copies, the originals being the telegrams signed by the defendant and delivered by it to the telegraph office from which the message was sent, and it is urged that such originals should have been produced or some proper foundation laid for the introduction of secondary evidence of their contents.

The application of the rule of evidence here contended for must depend upon whether the messages delivered by the telegraph company to the plaintiff or those delivered by the defendant to the telegraph operator are, as between the parties to this suit, to be deemed the originals. In *Durkee* v. *Vermont Central Railroad Co.* 29 Vt. 127, the rule which we consider the most reasonable one is laid down, viz., that the original, where the person to whom it is sent takes the risk of its transmission, or is the employer of the telegraph, is the message delivered to the operator, but where the person sending the message takes the initiative, so that the telegraph is to be regarded as his agent, the original is the message actually delivered at the end of the line. See also *Saveland* v. *Green,* 40 Wis. 431; *Western Union Telegraph Co.* v. *Shotter,* 71 Ga. 760; *Wilson* v. *M. and N. W. Railroad Co.* 31 Minn. 481; *Dunning* v. *Roberts,* 35 Barb. 463; Gray on Communications by Telegraph, secs. 104, 129. The same rule was adopted by this court in *Morgan* v. *The People,* 59 Ill. 58.

The fact that the defendant took the initiative in sending the telegrams, thus employing the telegraph company as its agent, is clearly shown by its letters to the plaintiff read in evidence. Having thus employed such agent to convey communications to the plaintiff, it must be held to be bound by the acts of its agent to the extent at least of making the messages delivered originals, thereby constituting them primary

evidence of the contents of the messages sent.    It should be observed that there is no suggestion that any of these messages were erroneously transmitted, and the case therefore does not present the question, upon which there is some conflict in the authorities, whether the sender of a telegram makes the telegraph company its general agent so as to become responsible for the acts of such agent where there is a departure from the authority actually given, by transmitting the message incorrectly.

Some criticisms are made upon the rulings of the court in giving the plaintiff's first instruction, and in refusing two instructions asked by the defendant.    The plaintiff's first instruction is a correct statement of the law applicable to the case, and the objection urged to it is not well taken.    Both the defendant's instructions refused are clearly erroneous.

We find no error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*