W. H. Magie *vs.* Gustavus Herman *et al.*

Argued by appellant, submitted on brief by respondent, July 7, 1892. Decided July 12, 1892.

**Secondary Evidence of a Telegram.**

> When one commences a correspondence with another by telegraph he makes the telegraph company his agent for the transmission and delivery of his communication, and the transcribed message actually delivered is primary evidence, and, if lost or destroyed, its contents may be proved by parol.

Appeal by plaintiff, W. H. Magie, from a judgment of the Municipal-Court of the City of Duluth, *Hanks,* J., entered March 15, 1892, in favor of defendants.

Plaintiff is a physician and surgeon, and as such rendered services of the value of $214 for Ed Marsh and Peter Manville, two laborers who were injured in the sawmill of the defendants Gustavus Herman, Christian Becklinger and Julius Herman. To prove he was employed by defendants he offered to show by parol the contents of a lost telegram sent to him December 11, 1890, by the direction of the defendants. They objected to the evidence as incompetent. The objection was sustained and plaintiff excepted to the ruling. Defendants had judgment, and plaintiff appealed and assigned as error the rejection of this evidence.

*Ellsworth Benham,* for appellant.

When a telegram is to be proved, the primary evidence, in controversies between the sender and the company, is the original message delivered for transmission; but when a contract is made by telegram, the primary evidence to prove the contract, is the message of the sender as delivered to the receiver. *Western Union Tel. Co.* v. *Hopkins,* 49 Ind. 223; *Durkee* v. *Vermont Cent. R. Co.,* 29 Vt. 127; *Howley* v. *Whipple,* 48 N. H. 487; *Saveland* v. *Green,* 40 Wis. 431; *Smith* v. *Easton,* 54 Md. 138; *Oregon Steamship Co.* v. *Otis,* 14 Abb. New Cas. 388; *Morgan* v. *People,* 59 Ill. 58; *Cairo & St. L. R. Co.* v. *Mahoney,* 82 Ill. 73.

*R. R. Briggs,* for respondents.

If the message delivered to plaintiff was lost, but the message given to the transmitter was in existence, it was the next best evidence, and should have been produced.

GILFILLAN, C. J.    There was evidence tending to show that the telegram, the contents of which plaintiff offered to prove by parol, was sent by direction of Herman, one of the defendants, and it had been lost or destroyed.    When one commences a correspondence with another by telegraph he makes the telegraph company his agent for the transmission and delivery of his communication, and the transcribed message actually delivered is primary evidence. *Wilson* v. *Minneapolis & N. W. R. Co.,* 31 Minn. 481, (18 N. W. Rep. 291.)

Every other evidence of its contents is secondary, and, as to its admissibility, stands on the same footing.    One kind of secondary evidence—as, for instance, a written copy—may be more satisfactory than another, but it is no more admissible than any other secondary evidence.

The court below therefore erred in excluding the parol evidence of the contents of the telegram on the grounds stated in the objection, which went only to its competency.

If we could see that this error did not prejudice the plaintiff, if we could see that the telegram, if proved, would not tend to establish anything material to the case, a reversal because of the error might be avoided.    But confining the objection to the question of competency must be taken as a concession that, if competent, the evidence is admissible as against any other objection, including any that might go to its materiality.    It is a concession that, if competent, the evidence is material.

Judgment reversed, and new trial ordered.

(Opinion published 52 N. W. Rep. 909.)