IRA COPELAND *vs.* BROCKTON STREET RAILWAY COMPANY.

Plymouth.    October 16, 1900. — November 28, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Contract — Evidence as to Market Value.*

At the trial of an action of contract the plaintiff contended that the price agreed to be paid for five hundred and thirty loads of sand was fifteen cents a load, and the defendant that it was ten cents a load. There was evidence that such sand had a market value, and that both parties knew it. As bearing upon the probabilities of what the contract was as to price, the judge allowed the plaintiff to show what the fair market price was there at that time. The jury were instructed to consider the evidence only as bearing on the question of probability, if it furnished any, of what the contract as to price was; and also that the plaintiff could not recover the fair market value, but only ten or fifteen cents a load. *Held,* that the evidence was rightly admitted for the purpose to which it was limited.

CONTRACT, to recover for five hundred and thirty loads of sand. At the trial in the Superior Court, before *Richardson*, J., the jury found for the plaintiff at the price of fifteen cents a load; and the defendant alleged exceptions, which appear in the opinion.

*F. M. Bixby*, for the defendant.

*W. Goddard*, for the plaintiff.

LATHROP, J.    The only question in dispute between the parties was as to the price to be paid for five hundred and thirty loads of sand, sold by the plaintiff to the defendant. The plaintiff contended that the price agreed to be paid was fifteen cents a load, and the defendant that it was ten cents a load. There was evidence that such sand had a market value, and that both parties knew it. As bearing upon the probabilities of what the contract was as to price, the judge allowed the plaintiff to show what the fair market price was there at that time; and the defendant excepted. The jury were instructed that they should consider the evidence only as bearing on the question of probability, if it furnished any, of what the contract as to price was; and also that the plaintiff could not recover the fair market value, but only ten or fifteen cents a load.

We have no doubt that the evidence was rightly admitted for the purpose to which it was limited. *Bradbury* v. *Dwight*, 3 Met. 31. *Upton* v. *Winchester*, 106 Mass. 330. *Nickerson* v. *Spindell*, 164 Mass. 25, 27. See also *Valley Lumber Co.* v. *Smith*, 71 Wis. 304; *Swain* v. *Cheney*, 41 N. H. 232; *Moore* v. *Davis*, 49 N. H. 45.                    *Exceptions overruled.*