RAFFAEL GUGLIELINO & others vs. GEORGE A. CAHILL.

Suffolk.   November 19, 1903. — April 1, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Contract.   Evidence.*

Where the execution of a contract in writing to perform certain work for a price named is in issue, the party relying on the contract may show by experts that the price named was a fair market price for the work, for the purpose of showing the probability of the execution of the contract.

LATHROP, J.   This is an action on an account annexed for labor performed to the amount of $364, less $112 paid, leaving a balance due of $252, for which amount, with interest, a verdict was returned.

At the trial in the Superior Court, there was evidence that the defendant was a contractor to build a school house, and that he sublet a portion of the work to a firm named Cullen Brothers, by whom the plaintiffs were employed to do some of the work.

One issue in the case was whether the plaintiffs signed a written agreement with Cullen Brothers to do the work for $350, and an agreement was put in evidence purporting ,to be signed by the plaintiffs by their mark.   The plaintiffs denied signing this agreement, and one of them testified that the price for which they agreed to do the work was $700 and not $350; that after he had been working some days, without receiving any pay from Cullen Brothers, he went to the defendant and said that unless he got some money the men would put on a lien, and that the defendant said that he did not want any liens on the work and would see that the men were paid.

The defendant testified that he did not make a new agreement with the plaintiffs; that one of them called on him for money, and that after seeing one of the Cullens he made certain payments to the plaintiffs, charging them to the account of Cullen Brothers; and that the plaintiff with whom he had the conversation told him that the price of the work in the contract with the Cullens was $350.   There was evidence that the plaintiffs did not fully complete the work.

The only exception in the case is the following: "The defendant offered to show by experts, duly qualified, that $350 was a fair market price for the work called for by the written agreement." This evidence was offered on the question of the probability of the execution of the contract in manner and form as testified to in behalf of the defendant. This evidence was excluded.

We are of opinion that the evidence for the purpose for which it was offered should have been admitted. The question is fully covered by our previous decisions. *Bradbury* v. *Dwight*, 3 Met. 31. *Upton* v. *Winchester*, 106 Mass. 330. *Brewer* v. *Housatonic Railroad*, 107 Mass. 277. *Norris* v. *Spofford*, 127 Mass. 85. *Nickerson* v. *Spindell*, 164 Mass. 25, 27. *Copeland* v. *Brockton Street Railway*, 177 Mass. 186, 187.

*Exceptions sustained.*

*D. B. Ruggles*, for the defendant.
*C. E. Washburn & O. E. Kaine*, for the plaintiffs.