STEFANO D'URSO vs. IGNAZIO LEONE & others.

Essex.    November 18, 19, 1920. — March 4, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil*, Auditor, Report by judge.  *Contract*, Construction, . Performance and breach.  *Evidence*, Extrinsic affecting writings.

In an action at law, the correctness of rulings by an auditor upon requests for rulings is not before this court upon a report by a judge of the Superior Court, made after he had ordered judgment for the plaintiff upon the auditor's report and the pleadings, where it does not appear that the question as to the requests was raised before the judge.

Upon a report to this court by a judge of the Superior Court of an action at law merely upon an auditor's report and the pleadings and the ordering by the judge of judgment for the plaintiff, the question of the correctness of the disposition of a motion to recommit the report of the auditor is not open.

A contract in writing for the alteration of a building contained provisions for plumbing and painting but no provision dealing with steam heating, and provided that "for all work above the cellar" the contractor should receive $5,900, and "For the work to be done upon the cellar," $300.  In the specifications accompanying the contract, there was no detail as to the make or size of a boiler, no mention of the size or kind of radiators and none of the other particulars ordinarily set out in specifications for steam heating.  A paragraph in the specifications with the caption, "Plumbing and Risers for Steam Heat," stated, "All risers to be put in building for steam heat as marked on plan. Plumber to figure size of boiler and radiators for entire building, sectional boiler to be put in, all water closets and sinks put as shown on plan," etc.  The cellar plan indicated the location for a boiler and the floor plan locations for radiators.  At the trial before an auditor of an action by the contractor for the contract price, the auditor ruled that the contract was ambiguous as to whether the contractor was to install a boiler, admitted parol evidence upon the question and found that the contractor was not obliged to install a boiler, radiators or any other part of the heating system.  The boiler alone would have cost $500.  After a hearing by a judge without a jury in the Superior Court, judgment was ordered for the plaintiff and the case was reported to this court for determination upon the auditor's report, the contract, the specifications and the plans.  *Held*, that

(1) No exception raising the question of the admissibility of the parol testimony as to the meaning of the contract having been saved at the trial in the Superior Court, that question was not open on the record;

(2) It could not be said as a matter of law that the auditor was wrong in his finding as to the meaning of the contract.

The auditor in the action above described further found that the owner was entitled to deductions amounting to $135.65 from the contract price of $5,900

which were included in eleven items, only two of which exceeded $10, one of them being $25 for painting done by the owner in pursuance of a special agreement between the parties. The other, amounting to $65, was for defective work in covering with a metal sheathing the walls and ceilings of stores, as to which it appeared that, the owner not being able to get the covering he wished, his agent directed the contractor "to get and use one pattern of metal sheathing and make the best job he could of it," as the defendant was "in a hurry for the stores." The contractor did as directed, but the work was not performed in a good and workmanlike manner. The auditor found that the contract was substantially performed. *Held,*,that the finding was warranted.

CONTRACT for $5,925 and interest, with a declaration as amended in four counts, the first two counts being based upon a building contract and the third and fourth counts being for work done and materials found. Writ dated January 4, 1918.

Material portions of the contract are described in the opinion.

In the Superior Court the action was referred to an auditor. Material findings of the auditor are described in the opinion. After the filing of the auditor's report, the action was heard by *Dubuque,* J., without a jury, "on the auditor's report, written contract, specifications and plans" and an agreement "that the plaintiff did not furnish or install either boiler or radiators, but that he did install risers as mentioned in such contract, plans or specifications." The judge "ordered judgment for the plaintiff in the sum of" $5,064.35 and interest from August 25, 1917, and reported the action to this court, the parties stipulating that this court "in deciding the case may consider the auditor's report . . . [which was made part of the report] the written contract, the specifications and plans referred to therein, which are made a part of this report."

*W. C. Ford,* for the defendants.

*M. A. Sullivan,* for the plaintiff.

DE COURCY, J. The plaintiff, a builder, brought this action to recover for work done and materials furnished under a written contract for the alteration of a building owned by the defendants. In the Superior Court judgment was ordered for the plaintiff in the sum of $5,064.35 and interest, in accordance with the findings of the auditor, and the case was reported to this court. At the hearing before the auditor the defendants objected to his refusal to give certain rulings of law that were requested. We cannot consider these requested rulings, as the question was not raised before the trial judge. *Eagan* v. *Luby,* 133 Mass. 543. Appar-

ently there was a motion to recommit the auditor's report, (*Collins* v. *Wickwire,* 162 Mass. 143,) but the action of the court thereon is not before us under the terms of the report.

The main contention of the defendants is that it was the duty of the plaintiff to furnish and install the boiler and radiators; and that by reason of the failure to do so, the auditor's finding, that the plaintiff performed his contract substantially and in good faith, is unwarranted as matter of law. The finding of the auditor that the plaintiff "was not required to install a boiler, radiators, or any other part of the heating system" was based mainly upon the terms of the contract itself. This provided that "for all work above the cellar" the contractor should receive $5,900 and "For the work to be done upon the cellar," $300. It is evident that this last provision did not include the boiler, which alone would cost $500. The contract nowhere deals with steam heating, although it expressly includes plumbing and painting. In the elaborate specifications there is no detail as to the make or size of the boiler, no mention of the size or kind of radiators, and none of the other particulars ordinarily set out in specifications for steam heating. The paragraph on which the defendants rely has the caption "Plumbing and Risers for Steam Heat," not "Heating and Plumbing." It states "All risers to be put in building for steam heat as marked on plan. Plumber to figure size of boiler and radiators for entire building, sectional boiler to be put in, all water closets and sinks put as shown on plan," etc. The cellar plan indicates by rectangular lines the location for a boiler, with the word "Boiler;" and the floor plans show in like manner the location for radiators, with the letter "R." In the opinion of the auditor these plans, and the words "Sectional boiler to be put in," raised an ambiguity as to whether the contractor was required "to install anything more toward the heating plant than the risers." Accordingly he received and considered parol testimony of acts and conversations of the defendants, after the execution of the contract, indicating that they understood and admitted that the boiler and radiators were not included in the contract; and also evidence of the inadequacy of the contract price to cover the heating system. The admissibility of this testimony before the auditor cannot be reviewed by us. The parties did not save the question at the trial in the Superior Court, as they could have

done under the provisions of St. 1914, c. 576, § 2 (G. L. c. 221, § 56); and further all the evidence is not before us. Without intimating that said oral testimony was inadmissible (see *New York Central Railroad* v. *Stoneman*, 233 Mass. 258, *Guglielino* v. *Cahill*, 185 Mass. 375), plainly we cannot say as matter of law that the auditor was wrong in his finding that the contract did not require the plaintiff to furnish a heating plant, the fair price for which would be $1,725.

In view of the deductions allowed by the auditor for defective work, the defendants further argue that his finding that the contract was substantially performed was unwarranted. The contract called for extensive alterations in an old four-story brick building. The deductions, amounting to $135.65, embraced eleven items, only two of which exceeded $10. One of these two was for $25 for painting; but this was done by the defendants, in pursuance of a special agreement between the parties. The other, amounting to $65, was for defective work in covering with metal sheathing the walls and ceilings of stores that were not already covered. The auditor found that the defendants could not obtain patterns of metal sheathing to match that already on the walls and ceilings without a long delay; and that the authorized agent of the defendants directed the plaintiff "to get and use one pattern of metal sheathing and make the best job he could of it, as they, the defendants, were in a hurry for the stores." The plaintiff acted accordingly; but the auditor found that the work was not done in a good and workmanlike manner, and allowed the defendants $65 as damages for such defective work. In the absence of the evidence, we cannot say that the auditor could not find such substantial performance as warranted recovery on a *quantum meruit*. *Handy* v. *Bliss*, 204 Mass. 513.

The judgment for the plaintiff must be affirmed, and it is

*So ordered.*